Gilbert Leroy LEMON *v.* Ike Allen LAWS, Jr.

91-56                                    806 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered April 1, 1991

*Richard E. Worsham*, for appellant.

*Wright, Lindsey & Jennings*, by: *James M. Moody*, for appellee.

ROBERT H. DUDLEY, Justice. Appellant Gilbert Leroy Lemon employed Ike Allen Laws, Jr. as his attorney to represent him in a divorce action. Subsequently, Lemon, the client, sued Laws, the attorney, for legal malpractice. The attorney filed an answer denying negligence and counterclaimed for attorney's fees. The case came to trial but, just before the jury was empaneled, the client moved to dismiss his complaint. The trial court granted the motion without prejudice. The attorney proceeded to trial on his counterclaim and obtained a judgment for his fees.

The client subsequently refiled his complaint against the attorney. The attorney filed a motion to dismiss on the grounds that the client's cause of action was barred by the doctrine of *res judicata* and by ARCP Rule 13. The trial court granted the attorney's motion to dismiss. We reverse and hold that the client is entitled to refile his complaint after having once voluntarily dismissed it.

The plaintiff-client dismissed his complaint. ARCP Rule 41(a) provides that:

> Subject to the provisions of Rule 23(d) and Rule 66, *an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court*, provided, however, that such dismissal operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based upon or including the same claim, unless all parties agree by written stipulation that such

dismissal is without prejudice. In any case where a set-off or counterclaim has been previously presented, the defendant shall have the right of proceeding to trial on his claim although the plaintiff may have dismissed his action. [Emphasis added.]

The right to voluntarily dismiss an action in civil cases has existed in Arkansas law since the enactment of Arkansas' original civil code. The section of the civil code corresponding to Rule 41(a) was last codified as Ark. Stat. Ann. § 27-1405 (superseded). This statutory provision on voluntary dismissal, as amended in 1971, is the basis of the rule. Cases construing Rule 41(a) have interpreted it the same way the superseded statute was interpreted. D. Newbern, *Arkansas Civil Prac. & Proc.*, §§ 22-1 and 22-2 (1985 and Supp. 1989).

■ The right to take a voluntary nonsuit before the final submission is absolute. *Brown* v. *St. Paul Mercury Ins. Co.*, 300 Ark. 241, 778 S.W.2d 610 (1989). This absolute right belongs to the plaintiff. *Haller* v. *Haller*, 234 Ark. 984, 356 S.W.2d 9 (1962). A plaintiff's first dismissal is without prejudice. *Moss Tie* v. *Miller*, 169 Ark. 657, 276 S.W. 586 (1925); D. Newbern, *supra*, at §§ 22-2 and 22-3. A claim dismissal without prejudice is not barred and may be filed a second time. *Benedict* v. *Arbor Acres Farm, Inc.*, 265 Ark. 574, 579 S.W.2d 605 (1979). This is so because a dismissal without prejudice is not an adjudication on the merits. *Id.*

■ In the case at bar, the appellant-client exercised his absolute right as a plaintiff to voluntarily dismiss his claim against the attorney. That dismissal was without prejudice and was not an adjudication on the merits. The doctrine of *res judicata* bars relitigation when a claim or cause of action could have been litigated in a prior lawsuit but was not. *Swofford* v. *Stafford*, 295 Ark. 433, 434, 748 S.W.2d 660, 661 (1988). If we applied the doctrine to a plaintiff's voluntary dismissal under Rule 41(a), we would be changing the absolute right to a qualified right. We would be creating two types of first-time nonsuits: those that could and those that could not be refiled. Therefore, we hold that the doctrine does not bar a plaintiff refiling a claim after he has exercised his right to one voluntary dismissal under ARCP Rule 41(a).

■ Rule 41(a) provides a right for defendants as well as one for plaintiffs. A defendant has the right to pursue his counterclaim even though the plaintiff has dismissed his original claim. A claim voluntarily dismissed is of no further effect. *Dillon* v. *Hawkins*, 147 Ark. 1, 227 S.W. 758 (1921). Thus, voluntary dismissal of the plaintiff's original claim does not affect, but leaves for adjudication, the defendant's counterclaim. *Dorsey* v. *Dorsey*, 226 Ark. 192, 289 S.W.2d 190 (1956); *see also* D. Newbern, *supra*, at § 22-4.

The attorney and the trial court relied upon cases in which this court and the Arkansas Court of Appeals have held that considerations of *res judicata* bar a defendant who voluntarily dismisses a compulsory counterclaim from subsequently refiling it as a claim. *See* ARCP Rule 13; *Shrieves* v. *Yarbrough*, 220 Ark. 256, 247 S.W.2d 193 (1952) and *Golden Host Westchase, Inc.* v. *First Serv. Corp.*, 29 Ark. App. 107, 778 S.W.2d 633 (1989). However, in the case at bar, the plaintiff-client did not dismiss a compulsory counterclaim; rather, he dismissed his original complaint, which he had an absolute right to do under ARCP Rule 41(a).

■ In summation, we hold that after a compulsory counterclaim has been filed, a plaintiff may once voluntarily dismiss his complaint without prejudice to refile it within one year. *Accord Leon* v. *Noble*, 234 S.W.2d 454 (Tex. App. 1950); *contra Quelette* v. *Whittemore*, 627 S.W.2d 681 (Tenn. App. 1981).

Reversed and remanded.

HAYS, J., dissents.

CORBIN and BROWN, JJ., not participating.