Jim R. LINN and Virginia Cheryl Linn *v.*
NATIONSBANK and Tom Nelson

99-443                                    14 S.W.3d 500

Supreme Court of Arkansas
Opinion delivered April 13, 2000

*Charles Edward Clawson,* Judge;

*Harrill & Sutter, PLLC,* by: *Raymond Harrill,* for appellants.

*Rose Law Firm, P.A.,* by: *Allen W. Bird II,* for appellees.

ANNABELLE CLINTON IMBER, Justice. This case arises from ongoing litigation between the parties in both circuit and chancery court. This appeal is from a summary judgment by the circuit court and presents the question of whether the appellants, Jim R. Linn and Virginia Cheryl Linn, lost their right to refile claims in circuit court when they voluntarily nonsuited similar claims in the previous chancery court proceeding.

The appellees, NationsBank, as successor-in-interest to Boatmen's National Bank of Conway, and Tom Nelson, a Boatmen's employee, committed to provide construction financing loans to the Linns in April, 1995, for the purpose of building a bed-and-breakfast facility in Greenbrier, Arkansas. After construction of the facility had been completed, a dispute arose between the parties as to NationsBank's obligation to provide permanent financing equal to eighty percent (80%) of the value of the bed-and-breakfast as evidenced by an appraisal. As a result of this dispute, the Linns discontinued interest payments on the construction loans, and NationsBank responded by filing a foreclosure action in the Chancery Court of Faulkner County in June 1996. In August 1996, the Linns filed a counterclaim in the chancery court action, alleging breach of contract, fraudulent misrepresentation, and negligence, arising from NationsBank's refusal to honor an alleged oral agreement to provide permanent financing after construction was completed on the bed-and-breakfast. The Linns also requested that the counterclaim be severed and transferred to circuit court for a jury trial. NationsBank filed a reply to the Linns's counterclaim, denying any liability for breach of contract, fraudulent misrepresentation, or negligence. NationsBank also requested that the Linns's request for severance, transfer, and jury trial be denied.

In September 1996, the Linns filed a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court, Eastern District of Arkansas. On January 23, 1997, NationsBank obtained an order for abandonment and relief from the automatic stay in the bankruptcy proceeding, and on January 24, 1997, an order of discharge was entered by the U.S. Bankruptcy Court releasing the Linns from all dischargeable debts. On February 14, 1997, a decree was entered by the chancery court that granted the foreclosure. Paragraph seven (7) of the decree stated as follows:

> That upon motion by the Linns pursuant to Arkansas Rules of Civil Procedure 41(a), the counterclaim filed herein by defendants Linns against plaintiff [NationsBank] should be dismissed without prejudice.

On February 9, 1998, the Linns filed a complaint against NationsBank and Tom Nelson in the Circuit Court of Faulkner County, which stated that it was "founded upon the same action non-suited by the Plaintiffs [the Linns] in Faulkner County Chancery Court on or about 2/13/98 [sic]." The complaint again asserted claims for breach of contract, fraudulent misrepresentation, and negligence, and asserted new claims for breach of good faith and breach of fiduciary duty. NationsBank and Tom Nelson filed an answer to the Linns's complaint and a motion for summary judgment, which asserted that the claims by the Linns in the present circuit court action constituted compulsory counterclaims in the previous chancery court action, and were barred by the doctrine of *res judicata* or collateral estoppel. The trial court granted the motion for summary judgment and dismissed the complaint on the basis that the claims raised by the Linns in the circuit court action were (1) compulsory counterclaims under Ark. R. Civ. P. 13(a) in the previous chancery court action; and (2) were barred by the doctrine of *res judicata*.

On appeal, the Linns contend that the trial court erred in granting NationsBank's motion for summary judgment and dismissing their complaint under the doctrine of *res judicata*. In *Adams v. Arthur*, 333 Ark. 53, 969 S.W.2d 598 (1998), we stated the standard of review for a grant of summary judgment:

> The law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as

a matter of law. *Wallace v. Broyles*, 331 Ark. 58, 961 S.W.2d 712 (1998), *supp. opinion on denial of reh'g*, 332 Ark. 189 (1998). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

*Adams v. Arthur*, 333 Ark. at 62, 969 S.W.2d at 602.

■■ The Linns first assert that the trial court erred in granting summary judgment because the traditional elements of *res judicata* were not satisfied. The concept of *res judicata* has two facets. *In Matter of Estate of Goston v. Ford Motor Co.*, 320 Ark. 699, 898 S.W.2d 471 (1995) (citing *John Chesseman Trucking, Inc. v. Pinson*, 313 Ark. 632, 855 S.W.2d 941 (1993)). Issue preclusion precludes further litigation in connection with a certain issue, and is limited to those matters previously at issue, which were directly and necessarily adjudicated. *Id.* The Linns correctly conclude that their claims in the circuit court action would not be barred under the issue preclusion facet of *res judicata*, as it is undisputed that the issues of liability raised in the counterclaim against NationsBank were never actually litigated in the chancery court action.

■■ The claim preclusion facet of *res judicata* forecloses relitigation in a subsequent suit when:

> (1) the first suit resulted in a final judgment on the merits;
>
> (2) the first suit was based upon proper jurisdiction;
>
> (3) the first suit was fully contested in good faith;
>
> (4) both suits involved the same claim or cause of action; and
>
> (5) both suits involved the same parties or their privies.

*Bailey v. Harris Brake Fire Protection Dist.*, 287 Ark. 268, 269, 697 S.W.2d 916, 917 (1985) (citing *Wells v. Ark. Pub. Serv. Comm'n.*, 272 Ark. 481, 616 S.W.2d 718 (1981)). Claim preclusion bars not only

the relitigation of issues which were actually litigated in the first suit, but also those which could have been litigated but were not. *Wells v. Ark. Pub. Serv. Comm'n., supra.* However, we have held that the doctrine of *res judicata* does not bar a plaintiff from refiling a claim after he or she has exercised the absolute right to one voluntary dismissal under Ark. R. Civ. P. 41(a). *Lemon v. Laws,* 305 Ark. 143, 806 S.W.2d 1 (1991). In so holding, we concluded that the application of the doctrine of *res judicata* to a plaintiff's voluntary dismissal under Ark. R. Civ. P. 41(a) would change the absolute right to a qualified right and create "two types of first-time nonsuits: Those that could and those that could not be refiled." *Id.* at 145, 806 S.W.2d at 2.

■ While acknowledging that Ark. R. Civ. P. 41 does provide for the voluntary dismissal of claims, the trial court nevertheless concluded that the principles of *res judicata* were applicable in this case, citing *Shrieves v. Yarbrough,* 220 Ark. 256, 247 S.W.2d 193 (1952); *Golden Host Westchase, Inc. v. First Service Corp.,* 29 Ark. App. 107, 778 S.W.2d 633 (1989); and *McDaniel Bros. Constr. Co. v. Simmons First Bank,* 24 Ark. App. 106, 749 S.W.2d 348 (1988). However, those cases do not mention the voluntary dismissal of counterclaims under Rule 41. Thus, with regard to the circumstances in this case, they are inapposite and readily distinguishable. In *Golden Host, supra,* the counterclaim was dismissed *with* prejudice in the first action, and the *McDaniel* case dealt with claims that the plaintiff never pled when it filed the original foreclosure actions. *See also, In Matter of Estate of Goston v. Ford Motor Co., supra; Martin v. Citizens Bank of Beebe,* 283 Ark. 145, 671 S.W.2d 754 (1984); and *McJunkins v. Lemons,* 52 Ark. App. 1, 913 S.W.2d 306 (1996), in which the issue of omitted compulsory counterclaims under Ark. R. Civ. P. 13 has been addressed by this court and the court of appeals. Finally, *Shrieves v. Yarbrough, supra,* predates this court's adoption of the Rules of Civil Procedure, and, therefore, does not address either compulsory counterclaims under Ark. R. Civ. P. 13 or voluntary nonsuits under Ark. R. Civ. P. 41. This case, however, involves the Linns's assertion of a counterclaim in the first action and the voluntary dismissal of that counterclaim pursuant to Ark. R. Civ. P. 41(a). Under these circumstances, we agree with NationsBank that the applicability of Ark. R. Civ. P. 13(a) does not depend solely on the general principles of *res judicata.*

■ The Linns next assert that the trial court erred in granting judgment because the claims raised in the circuit court action were not compulsory counterclaims in the previous chancery court action. We disagree.

■ Rule 13(a) of the Arkansas Rules of Civil Procedure provides that:

> A pleading shall state as a counterclaim any claim which, at the time of filing the pleading, the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

The purpose for this rule is to require parties to present all existing claims simultaneously to the court or be forever barred, thus preventing a multiplicity of suits arising from one set of circumstances. *In Matter of Estate of Goston v. Ford Motor Co.*, *supra*; *Bankston v. McKenzie*, 288 Ark. 65, 702 S.W.2d 14 (1986).

There is no question that the claims at issue here arose from the same set of circumstances — financing arrangements for a bed-and-breakfast facility. The Linns alleged, in both the counterclaim filed in the chancery court action and the subsequent complaint filed in circuit court, that Tom Nelson told Ms. Linn on April 18, 1995, that NationsBank had agreed to make a construction loan and a permanent loan. They further alleged that the purported offer to provide permanent financing induced them to enter into the construction loan agreement with NationsBank, instead of obtaining financing with another lending institution. Thus, the facts relating to the claims between the parties originate in a single conversation and culminate when NationsBank commenced the foreclosure on the construction loan. The Linns's claims arise directly from the financing transactions and a logical relationship exists between the foreclosure, the counterclaim, and the subsequent complaint. *Wasp Oil, Inc. v. Arkansas Oil & Gas, Inc.*, 280

Ark. 420, 625 S.W.2d 397 (1983). *See also, Adam v. Jacobs,* 950 F.2d 89, 92 (2nd Cir. 1991) (the claims were compulsory counterclaims where "[t]he guarantees and the merger agreement were executed together and, by the plaintiff's own argument, the parties would not have signed one without the other."). We therefore hold that the Linns's claims in the present circuit court action constituted compulsory counterclaims in the earlier chancery court action under Ark. R. Civ. P. 13(a).

The Linns further argue that their claims in the present circuit court action should not be barred even if they were compulsory under Ark. R. Civ. P. 13(a), because they were voluntarily dismissed without prejudice pursuant to Ark. R. Civ. P. 41. In considering this argument, we must examine not only the language of Rule 13, but also the language of Rule 41.

■ As quoted above, Rule 13(a) requires that any claim existing at the time of filing a responsive pleading must be asserted in that responsive pleading if it arises from the same transaction or occurrence that is the subject matter of the opposing party's claim. Rule 13 does not, however, state whether a compulsory claim must be litigated in order to prevent a bar. In contrast, the plain language in Rule 41 clearly states that a defendant has the *right* to proceed on his or her counterclaim although the plaintiff's action may have been dismissed, and that the provisions of Rule 41 apply to the dismissal of *any* counterclaim:

(a) *Voluntary Dismissal: Effect Thereof*

(1) Subject to the provisions of Rule 23(d) and Rule 66, an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court. Although such dismissal is a matter of right, it is effective only upon entry of a court order dismissing the action.

(2) A voluntary dismissal under paragraph (1) operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based upon or including the same claim, unless all parties agree by written stipulation that such dismissal is without prejudice.

(3) In any case where a set-off *or counterclaim* has been previously presented, the defendant *shall* have the right of proceeding on his claim although the plaintiff may have dismissed his action.

\* \* \*

(c) The provisions of this rule *apply* to the dismissal of *any* counterclaim, cross-claim, or third-party claim.

Ark. R. Civ. P. 41. (Emphasis added.) As previously stated, we have held that after a counterclaim has been filed, a plaintiff may once voluntarily dismiss his or her complaint without prejudice to refile it within one year. *Lemon v. Laws, supra.* Similarly, we hold that under Rule 41, a defendant may once voluntarily dismiss his or her compulsory counterclaim without prejudice to refile it within one year.

For these reasons, we conclude (1) that the Linns timely asserted their compulsory counterclaims for breach of contract, fraudulent misrepresentation, and negligence in the chancery court action, and therefore met the requirements of Rule 13 for those claims; and (2) that the provisions of Rule 41 allowed the Linns to voluntarily dismiss those claims without prejudice to refiling them within one year. This conclusion is controlled by the language in Rule 13 and Rule 41 of the Arkansas Rules of Civil Procedure. Furthermore, this conclusion does not deprive Rule 13 of its efficiency, in that omitted compulsory counterclaims will still be barred in subsequent litigation. Thus, we further conclude that the Linns failed to assert their compulsory counterclaims for breach of good faith and breach of fiduciary duty in the chancery action, and therefore did not satisfy the requirements of Rule 13 for those claims. Consequently, we hold that the trial court properly dismissed, by summary judgment, the Linn's claims for breach of good faith and breach of fiduciary duty. However, with regard to their previously asserted claims for breach of contract, fraudulent misrepresentation, and negligence, we hold that the trial court erred in granting summary judgment and dismissing those claims, which were not barred by the doctrine of *res judicata* or by the compulsory counterclaim requirements of Ark. R. Civ. P. 13(a).

Affirmed in part, reversed in part, and remanded.