Jane BEVANS *v.*
DEUTSCHE BANK NATIONAL TRUST COMPANY

07-340                                                281 S.W.3d 740

Supreme Court of Arkansas
Opinion delivered April 3, 2008

*Rice & Adams*, by: *Scott A. Scholl*, for appellant.

*Wilson & Associates, PLLC*, by: *H. Keith Morrison*, for appellee.

ANNABELLE CLINTON IMBER, Justice. The Arkansas Court of Appeals certified the instant case to this court on a jurisdictional question: whether the circuit court's order was final and appealable under our rules of civil procedure, when the

appellant/defendant Jane Bevans nonsuited all of her compulsory counterclaims against the appellee/plaintiff Deutsche Bank, and the circuit court's subsequent order only addressed Deutsche Bank's claims against Bevans. We conclude that in such circumstances the circuit court's order is not a final, appealable order, and we dismiss Bevans's appeal.

Pursuant to Arkansas Rule of Appellate Procedure – Civil 2(a)(1), a party may appeal from a final judgment or final decree of the circuit court. Ark. R. App. P. – Civil 2(a)(1) (2007). Absent a certificate from the circuit court directing that the judgment is final, "any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties." Ark. R. Civ. P. 54(b)(2) (2007). Finality of an order appealed from is a jurisdictional issue, and, therefore, it is a matter this court will consider even when the parties do not raise it. *See Advanced Envtl. Recycling Techs., Inc. v. Advanced Control Solutions, Inc.*, 372 Ark. 286, 275 S.W.3d 162 (2008).

Bevans executed a mortgage on her residence in favor of Argent Mortgage Company, LLC, along with an adjustable rate promissory note. Believing that the mortgage company had defrauded her by issuing a promissory note with a high-interest rate, Bevans sought advice from D. Scott Heinman and Kurt F. Johnson of the Dorean Group. Based upon the advice she received from them, Bevans stopped making payments on her note and executed a quitclaim deed that transferred title ownership in her residence to Heineman and Johnson.

On January 19, 2005, Deutsche Bank filed a complaint in foreclosure against Bevans, Heineman, and Johnson, alleging that Bevans was in default on the loan. The complaint stated that Deutsche Bank served as trustee of Argent Securities, Inc., and was the current holder of the note and mortgage on Bevans's residence. Bevans filed several compulsory counterclaims against Deutsche Bank, asserting breach of contract, wrongful foreclosure, violations of the Federal Truth-In-Lending Act, violations of the Real Estate Settlement Procedures Act, violations of the Unfair and Deceptive Trade Practices Act, common-law fraud, and Yield-Spread-Premium fraud. Bevans's pleadings also included a claim of common-law fraud against Heineman and Johnson. She eventually

filed a motion for default judgment against Heineman and Johnson. Deutsche Bank also filed a motion for summary judgment against the two men.

On October, 25, 2006, Bevans filed a motion for nonsuit of her counterclaims, asking that the circuit court dismiss the claims without prejudice. At a hearing the next day, the circuit court judge orally granted Bevans's motion for a nonsuit of her claims against Deutsche Bank. The court then granted both Bevans's motion for default judgment and Deutsche Bank's motion for summary judgment against Heineman and Johnson, and the court agreed to restore title to the property back into Bevans's name.

Following a trial on Deutsche Bank's claims, the circuit court entered an order and decree of foreclosure on December 12, 2006. The order includes the following reference to the nonsuit in a section labeled "Background": "On October 25, 2006, Bevans dismissed her counterclaim." Otherwise, the order fails to address the nonsuit motion.

■ Pursuant to Rule 41(a)(1) of the Arkansas Rules of Civil Procedure, a claim may be dismissed without prejudice to a future action by the plaintiff before final submission of the case to the jury; however, "it is effective only upon entry of a court order dismissing the action." Ark. R. Civ. P. 41(a)(1) (2007). The provisions of Rule 41 also apply to the dismissal of any counterclaim, cross-claim, or third-party claim. Ark. R. Civ. P. 41(c) (2007). Here, the circuit court made an oral ruling from the bench, and the "Background" section of the order recites that "Bevans dismissed her counterclaim." The written order does not reflect the court's disposition of the counterclaims. Rule 41(a) clearly states that the dismissal of any claim is not effective until entry of an order dismissing the claim.[1] Thus, in the absence of a written order dismissing Bevans's counterclaims, the circuit court's foreclosure order is not final and appealable.

In any event, even if a written order dismissing Bevans's counterclaims had been issued, the circuit court's foreclosure order in this case would not have been final. As stated above, an order or judgment is not considered final and appealable unless it disposes of all the parties and all the claims. *See* Ark. R. Civ. P. 54

---

[1] Pursuant to Admin. Order No. 2(b)(2), a judgment, decree, or order is "entered" when stamped or otherwise marked by the clerk with the date, time, and the word "filed."

(2007). Our court has never decided a case with the exact issue presented here. We have, however, decided cases that are particularly instructive when examining the issue of finality, as well as the related issue of *res judicata*. In *Haile v. Arkansas Power & Light Co.*, 322 Ark. 29, 907 S.W.2d 122 (1995), this court held that a plaintiff may not take a voluntary nonsuit as to some of its claims and then appeal from the circuit court's order disposing of the plaintiff's other claims because a voluntary nonsuit without prejudice leaves the plaintiff free to refile the claim; therefore, the order is not considered final. *Id.*; *see also Ratzliff v. Franz Foods of Ark.*, 255 Ark. 373, 500 S.W.2d 279 (1973) (decided prior to the adoption of our rules of civil procedure). We have also held that when all claims against one defendant are nonsuited so that the defendant is effectively dismissed from the suit, the circuit court's order against a second defendant is a final, appealable order because a plaintiff is not required to sue prospective defendants simultaneously. *Advanced Envtl. Recycling Techs., Inc. v. Advanced Control Solutions, Inc.*, *supra*; *Driggers v. Locke*, 323 Ark. 63, 913 S.W.2d 269 (1996).

In *Lemon v. Laws*, 305 Ark. 143, 806 S.W.2d 1 (1991), the court was asked to decide whether a plaintiff was barred by the doctrine of *res judicata* from refiling the plaintiff's previously nonsuited claims. *Id.* We held that a plaintiff has an absolute right to take a voluntary nonsuit under Rule 41(a) before the final submission of the case for trial. *Id.* We pointed out that the first nonsuit and dismissal is without prejudice, thereby leaving the plaintiff free to refile his or her claim. *Id.* In *Lemon*, the plaintiff nonsuited his claim and the court proceeded to enter an order in favor of the defendant on his counterclaim, but when the plaintiff attempted to refile his claim, the defendant asserted that the claim was barred by *res judicata*. *Id.* We determined that to apply the doctrine of *res judicata* to the plaintiff's nonsuited claim would be changing the absolute right under Rule 41(a) to a qualified right. *Id.* Accordingly, the court held that *res judicata* did not apply. *Id.*

In *Linn v. Nationsbank*, 341 Ark. 57, 14 S.W.3d 500 (2000), this court decided the issue of *res judicata* as to compulsory counterclaims that have been nonsuited. *Id.* In that case, Nationsbank filed a complaint for foreclosure against the Linns' bed-and-breakfast because the Linns had defaulted on their construction loans. *Id.* The Linns then filed counterclaims for breach of contract, fraudulent misrepresentation, and negligence arising from Nationsbank's refusal to honor an alleged oral agreement to provide permanent financing after construction of the bed-and-

breakfast was completed. *Id.* The Linns nonsuited their counter-claims, which were dismissed without prejudice, and the court proceeded to enter a foreclosure decree in favor of Nationsbank. *Id.* The Linns then attempted to file their original counterclaims and some additional claims in circuit court. *Id.* Nationsbank argued that the Linns' claims were compulsory counterclaims, pursuant to Ark. R. Civ. P. 13, and were barred by the doctrine of *res judicata* and collateral estoppel. *Id.* The circuit court agreed and entered summary judgment in favor of Nationsbank. *Id.* On appeal, the Linns argued that the circuit court erred in dismissing their claims. *Id.*

In deciding the issue on appeal, our court analyzed the doctrine of *res judicata*, a common law principle, in the context of compulsory counterclaims under Rule 13 and voluntary nonsuits under Rule 41. *Id.* We explained that the purpose behind Rule 13 is to require parties to present all existing claims simultaneously or be forever barred, thereby preventing a multiplicity of suits arising from the same set of circumstances. *Id.* Yet, while Rule 13 requires compulsory counterclaims to be brought, or else waived, it does not state whether a compulsory claim must be litigated in order to prevent a bar. *Id.* This court then reiterated a party's absolute right to voluntarily dismiss his or her claims without prejudice and to refile those claims within a year, pursuant to Rule 41. *Id.* (citing *Lemon v. Laws, supra*). In light of the fact that the Linns filed their counterclaims in compliance with Rule 13 and were also allowed to voluntarily dismiss those claims without prejudice, under Rule 41, we concluded that the doctrine of *res judicata* did not bar the Linns from refiling their previous counterclaims. *Id.*

Based upon our holding in *Linn v. Nationsbank, supra* — that a defendant who nonsuits all of his or her compulsory counter-claims is not barred from bringing those claims against the plaintiff again — it follows that an order or judgment providing for the nonsuit of those counterclaims while entering a judgment on the plaintiff's claims is not a final, appealable order under Rule 54(b) of the Arkansas Rules of Civil Procedure. Or, stated another way, if a party is free to refile his or her compulsory counterclaims that arise out of the same transaction or occurrence as claims that are decided by the circuit court, the possibility for piecemeal appeals exists. The reason we were asked by the parties in *Linn* to address the *res judicata* issue, and not the finality issue, was that the

defendants did not attempt to appeal the original foreclosure decree; instead, they refiled their previous counterclaims in circuit court.

The facts in *Linn* are strikingly similar to the facts in the instant appeal. Deutsche Bank filed a foreclosure action against the defendant Bevans. Bevans then filed compulsory counterclaims that all arose out of the financing arrangement, and after she voluntarily nonsuited all of her counterclaims against Deutsche Bank, the bank's claims were decided at trial. Instead of refiling her counterclaims in circuit court, Bevans has appealed from the judgment against her. Because her nonsuited claims were compulsory counterclaims, Bevans would have been able to refile her claims. *See Linn v. Nationsbank, supra; Lemon v. Laws, supra.* Therefore, the order she now appeals from is not a final, appealable order.

The instant case is distinguishable from our opinions in *Advanced Environmental Recycling Technologies, Inc. v. Advanced Control Solutions, Inc., supra*; and *Driggers v. Locke, supra*, in which we held that an order was final when the plaintiff dismissed all of his or her claims against one defendant. In those cases, the plaintiff dismissed claims against one of many defendants, and the defendant was effectively dismissed from the case. In the instant case, the defendant nonsuited her compulsory counterclaims against the plaintiff, but both parties remained in the case until the plaintiff's claims were decided. For these reasons, we dismiss Bevans's appeal without prejudice.

Dismissed.