

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-13-1088

| | |
|---|---|
| | **Opinion Delivered** May 21, 2014 |
| ROBERT B. PROCHAZKA and DONNA M. PROCHAZKA<br>APPELLANTS | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. CV-2012-416] |
| V. | HONORABLE DENNIS C. SUTTERFIELD, JUDGE |
| BEE-THREE DEVELOPMENT, LLC<br>APPELLEE | DISMISSED |

## BRANDON J. HARRISON, Judge

Bee-Three Development, LLC agreed to buy some commercial property from Robert and Donna Prochazka in 2012. The deal fell through. In August 2013, Bee-Three sued the Prochazkas, demanding that they return the $7,000 earnest money Bee-Three paid pursuant to the parties' written contract. The Prochazkas counterclaimed for damages "to be established at trial" and alleged that Bee-Three had breached the contract first. They also sought $7,000 in liquidated damages under the contract's terms. In May 2013, Bee-Three moved for judgment as a matter of law. The court granted Bee-Three summary judgment on its claim for $7,000, and dismissed the Prochazkas' counterclaim without prejudice. The Prochazkas appealed that decision. Because the court's summary-judgment order is not a final order, we must dismiss the Prochazkas' appeal without prejudice.

SLIP OPINION

No party has raised the issue, but whether an order is final for appeal purposes is a jurisdictional point that we must often raise on our own. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil (2013) states that an appeal may—absent some exceptions that do not apply—be taken from a final judgment or decree. A final order is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *Davis v. Brown*, 2011 Ark. App. 789. Absent a final order or a properly executed certificate from the circuit court making an "express determination, supported by specific factual findings, that there is no just reason for delay"—which we do not have—an order that fails to adjudicate all of the parties' claims cannot be appealed. Ark. R. Civ. P. 54(b) (2013).

The problem here is the counterclaim was dismissed without prejudice. Our supreme court has held that an order was not a final, appealable order when a defendant nonsuited her compulsory counterclaims, and the circuit court order addressed only the plaintiff's claims. *Bevans v. Deutsche Bank Nat'l Trust Co.*, 373 Ark. 105, 107, 281 S.W.3d 740, 742 (2008). In *Bevans*, the supreme court stated that even a written order reflecting that the defendants' compulsory counterclaims were dismissed without prejudice would not have cured the finality problem because the compulsory counterclaims could be refiled later. *Id*.

By rule, a compulsory counterclaim is

any claim which, at the time of filing the pleading, the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.



Ark. R. Civ. P. 13(a) (2013).

The Prochazkas' counterclaim or counterclaims—the singular or plural nature of their claim for relief is a bit unclear—are compulsory, which means the dismissal without prejudice poses a jurisdictional problem. *See Crockett v. C.A.G. Invs., Inc.*, 2010 Ark. 90, 361 S.W.3d 262. In August 2013, the circuit court clearly ordered that the Prochazkas' counterclaim be "dismissed without prejudice" in its summary-judgment order. As far as we can tell, that was a first dismissal, and the Prochazakas may have time to refile their claim (or claims) within the applicable statute of limitations. All this means that the court's summary-judgment order is not a final one for appellate-review purposes. *Bevans*, *supra*.

The finality problem likely could have been cured had the Prochazkas' notice of appeal recited the required language from Ark. R. App. P.—Civ. 3(e)(vi) (2013). But the notice does not state that they abandoned any pending but unresolved claims; consequently, the status of the Prochazkas' request for relief is unsettled.

Finally, in the interest of judicial economy, we note that the circuit court's docket sheet, and its summary-judgment order, reflect that the court held a hearing on 30 July 2013. The court's summary-judgment order states that the court considered the parties' arguments when it decided this case. The Prochazkas' notice of appeal expressly states that they did not request a transcript of the summary-judgment hearing. As a general rule, however, this court and our supreme court require the record on appeal and the briefing material include all material information that a circuit court considered when granting a party's motion for summary judgment. *Verdier ex rel. Verdier v. Verdier*, 362 Ark. 660, 210

S.W.3d 123 (2005). The parties may, therefore, want to reconsider whether a transcript of the hearing is material to this court's ability to conduct a plenary review of the circuit court's decision to enter judgment as a matter of law.

Dismissed.

WALMSLEY and WYNNE, JJ., agree.

*Laws Law Firm, P.A.*, by: *Hugh R. Laws*, for appellants.

*Jon R. Sanford, P.A.*, by: *Jon R. Sanford*, for appellee.