Cite as 2014 Ark. App. 687

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-285

| | | |
|---|---|---|
| JOHN HORNE | APPELLANT | **Opinion Delivered** December 3, 2014 |
| V. | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [No. CV-13-473-6] |
| STEVE HENSON | | HONORABLE MARK LINDSAY, JUDGE |
| | APPELLEE | DISMISSED WITHOUT PREJUDICE |

## LARRY D. VAUGHT, Judge

Appellant John Horne appeals from the judgment entered by the Washington County Circuit Court, awarding appellee Steve Henson $250,000 on his breach-of-contract claim or, alternatively, on his unjust-enrichment claim. On appeal, Horne argues that (1) Henson's complaint is barred by the statute of limitations; (2) the trial court erred in awarding Henson a judgment for breach of contract where there was no enforceable contract between the parties; and (3) the trial court erred in awarding Henson judgment on his alternative claim for unjust enrichment. We cannot reach the merits because Horne failed to appeal from a final, appealable order as required by Arkansas Rule of Appellate Procedure–Civil 2(a) and Arkansas Rule of Civil Procedure 54(b). Therefore, we lack jurisdiction and dismiss the appeal without prejudice.

In February 2013, Henson filed a complaint against Horne alleging breach of contract and fraud. Henson alleged that he made loans to Horne in June 2005, August 2007, and September 2007, for approximately $250,000 and that Horne refused to repay them. Henson

SLIP OPINION

further alleged that Horne signed two documents acknowledging the debts,[1] and on March 17, 2009, he signed a contract promising to repay the loans. Henson alleged that Horne fraudulently induced Henson to enter into the March 2009 contract based on false representations that he (Horne) would repay the money.

Horne answered the complaint on April 9, 2013, filed an amended answer on June 24, 2013, and filed a second amended answer and counterclaim on July 22, 2013. In the counterclaim, Horne alleged that he and Henson agreed to be business partners, that the loans were part of their partnership agreement, that Henson breached the agreement, and that Horne suffered damages as a result of the breach.

On August 19, 2013, Horne filed a notice of voluntary dismissal of his counterclaim, pursuant to Rule 41 of the Arkansas Rules of Civil Procedure. Later that day, an order was entered dismissing Horne's counterclaim without prejudice.

After a bench trial, the court entered a judgment on December 2, 2013. Paragraph two of the judgment provided: "That [Horne's] counterclaim was dismissed at the request of [Horne] by order entered August 19, 2013." After making multiple factual findings, the trial court concluded in its judgment that Henson prevailed on his breach-of-contract claim and awarded him $250,000. Alternatively, the court found that Henson prevailed on his unjust-enrichment claim. Horne timely appealed the December 2, 2013 judgment.

We lack jurisdiction to review this appeal. Pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(1), a party may appeal from a final judgment or final decree of the trial

---

[1]Horne signed one document in 2008, and he signed the other on March 17, 2009.

court. *Bevans v. Deutsche Bank Nat'l Trust Co.*, 373 Ark. 105, 106, 281 S.W.3d 740, 741 (2008) (citing Ark. R. App. P.–Civ. 2(a)(1) (2007)). Absent a certificate from the trial court directing that the judgment is final, "any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties." *Id.*, 281 S.W.3d at 741 (citing Ark. R. Civ. P. 54(b)(2) (2007)).

> In this case, Horne filed a compulsory counterclaim, which is
>
> any claim which, at the time of filing the pleading, the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

*Prochazka v. Bee-Three Dev., LLC*, 2014 Ark. App. 318, at 2–3 (citing Ark. R. Civ. P. 13(a) (2013)). While Horne's counterclaim was dismissed by the trial court, it was dismissed without prejudice, which gives him the opportunity to refile it. Ark. R. Civ. P. 41(a) (2013).

Our courts have held that an order was not a final, appealable order when a defendant's compulsory counterclaims were dismissed without prejudice, and the trial-court order addressed only the plaintiff's claims. *Prochazka*, 2014 Ark. App. 318, at 2 (citing *Bevans*, 373 Ark. at 107, 281 S.W.3d at 742). *See also Crockett v. C.A.G. Invs., Inc.*, 2010 Ark. 90, 361 S.W.3d 262 (holding that the defendant's compulsory counterclaim, which was voluntarily dismissed without prejudice, was a "dangling issue" that had yet to be decided; therefore, because the order from which the appellant appealed failed to mention or adjudicate the counterclaim, the order was not final and appealable).

The judgment from which Horne appeals does not adjudicate Horne's counterclaim—it merely mentions that it was dismissed at the request of Horne by an order entered August 19, 2013. The August 19, 2013 order dismisses the counterclaim without prejudice. Accordingly, Horne's counterclaim is a "dangling issue" that has yet to be decided. Thus, the judgment is not a final, appealable order.

The finality problem likely could have been cured had Horne's notice of appeal recited the required language from Ark. R. App. P.–Civ. 3(e)(vi) (2013). But Horne's notice does not state that he abandoned any pending but unresolved claims.[2] And although the trial court may certify an otherwise nonfinal order for an immediate appeal by executing a certificate pursuant to Ark. R. Civ. P. 54(b)(1), no such certification was made in this case. Therefore, we must dismiss the appeal without prejudice.[3]

Dismissed without prejudice.

GLADWIN, C.J., and WALMSLEY, J., agree.

*Robert S. Tschiemer*, for appellant.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellee.

---

[2]Horne was represented by counsel at trial and is represented on appeal; however, his notice of appeal was filed pro se.

[3]On April 25, 2014, prior to submitting his brief on appeal, Horne filed a motion with our court to determine jurisdiction because of an undetermined counterclaim. Horne's motion was filed without the benefit of the full, certified record and was denied on May 14, 2014.