
# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV–15–511

| | |
|---|---|
| MARY COLLINS | **Opinion Delivered** November 18, 2015 |
| APPELLANT | APPEAL FROM THE RANDOLPH COUNTY CIRCUIT COURT [NO. CV–2010–156] |
| V. | |
| AVA LEUTHOLT AND RICHARD LEUTHOLT, INDIVIDUALLY, AND LEUTHOLT PROPERTIES, LLC | HONORABLE HAROLD S. ERWIN, JUDGE |
| APPELLEES | DISMISSED |

### M. MICHAEL KINARD, Judge

Appellant Mary Collins appeals from the trial court's order granting summary judgment in favor of appellees Ava and Richard Leutholt and Leutholt Properties. We cannot reach the merits of the appeal because there is not a final order. Therefore, we dismiss the appeal without prejudice.

Appellant filed suit against appellees, alleging conversion of insurance proceeds after the house she was purchasing from appellees was destroyed by fire. Appellees filed a counterclaim for quiet title, alleging that appellant had breached the contract for sale and that appellees were the record title owners of the property. Appellees subsequently moved for summary judgment on appellant's complaint. Following a hearing, the trial court entered an order granting appellees' motion for summary judgment and dismissing appellant's complaint. Appellant timely appealed but later filed a motion with this court after noticing that the order on appeal was not final due to the unresolved counterclaim. This court

dismissed the appeal.

Appellant subsequently moved for the trial court to amend its order and deny summary judgment. Appellees filed a motion to dismiss their counterclaim without prejudice. The trial court entered an order dismissing the counterclaim without prejudice, and appellant filed another notice of appeal.

Pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(1), a party may appeal from a final judgment or final decree of the trial court. Absent a certificate from the trial court directing that the judgment is final, "any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties." Ark. R. Civ. P. 54(b)(2).

When a defendant's compulsory counterclaim is dismissed without prejudice and the trial-court order addresses only the plaintiff's claims, we have held that the order is not a final, appealable order. *Horne v. Henson*, 2014 Ark. App. 687. The voluntary nonsuit of a compulsory counterclaim does not operate to make an order final and appealable because the counterclaim can be refiled. *Crockett v. C.A.G. Investments, Inc.*, 2010 Ark. 90, 361 S.W.3d 262. Appellees' compulsory counterclaim was dismissed by the trial court without prejudice. Thus, there remains a dangling issue that has yet to be decided, and the summary-judgment order is not a final, appealable order. *Id.*

Although the trial court may certify an otherwise nonfinal order for an immediate appeal by executing a certificate pursuant to Ark. R. Civ. P. 54(b)(1), no such certification

2

was made in this case.  Therefore, we lack jurisdiction and must dismiss the appeal without prejudice for lack of a final order.

Dismissed.

GLADWIN, C.J., and ABRAMSON, J., agree.

*Murphy, Thompson, Arnold, Skinner & Castleberry*, by: *Casey Castleberry*; and *Grider Law Firm*, by: *M. Joseph Grider*, for appellant.

*James, House & Downing, P.A.*, by: *Richard C. Downing*, for appellees.