SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-15-929

|  |  |
|---|---|
| JANANN JOHNSON<br><div align="right">APPELLANT</div><br><br>V.<br><br><br>WINDSTREAM COMMUNICATIONS,<br>INC.<br><div align="right">APPELLEE</div> | **Opinion Delivered:** September 21, 2016<br><br>APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT, SIXTH<br>DIVISION<br>[NO. 60CV-2009-7248]<br><br>HONORABLE TIMOTHY DAVIS<br>FOX, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## RITA W. GRUBER, Judge

This is the third appeal in this case, and we must dismiss it for lack of a final order.

The lawsuit began when appellant Janann Johnson sued Windstream Communications, Inc.,

for violation of the Americans with Disabilities Act (ADA) and the Arkansas Civil Rights Act

(ACRA) after Windstream had fired her. In the first appeal, we reversed an award of summary

judgment and remanded, directing the circuit court to analyze and explain its decision using

the framework set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973).

*Johnson v. Windstream Commc'ns, Inc.*, 2012 Ark. App. 590 (*Johnson I*). In the second appeal,

we again reversed and remanded an order of summary judgment, holding that the circuit

court had misinterpreted our mandate from the first appeal. *Johnson v. Windstream Commc'ns,*

*Inc.*, 2014 Ark. App. 99 (*Johnson II*). On remand, the case was tried to a jury, which

rendered a verdict for Windstream. Johnson has appealed from the judgment entered on the

jury's verdict. We dismiss without prejudice.

The case went to trial on four claims: ADA retaliation, wrongful termination due to disability discrimination, failure to accommodate, and wrongful termination due to sex discrimination. At the close of Johnson's case, her counsel voluntarily nonsuited the claim for wrongful termination due to sex discrimination, and the circuit court granted Windstream's motion for directed verdict on the ADA retaliation claim. The wrongful-termination and failure-to-accommodate claims went to the jury, which rendered a verdict for Windstream on both claims. In its judgment, the circuit court stated that Johnson had "voluntarily dismissed without prejudice her claim for wrongful termination due to sex discrimination." The court further recognized that it had granted Windstream's motion for directed verdict on Johnson's claims for retaliation and punitive damages and had dismissed the claims with prejudice. The circuit court's order concluded as follows:

> It is therefore, CONSIDERED, ORDERED and ADJUDGED that judgment is entered in favor of Windstream Communications, Inc., on plaintiff's claims for retaliation, punitive damages, wrongful termination disability discrimination and disability discrimination/failure to accommodate, and the claims of Janann Johnson against Windstream Communications, Inc. are hereby dismissed with prejudice.

In order for this court to have jurisdiction over an appeal, the order appealed from must either be a final order or meet one of several exceptions not applicable here under Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil (2015). A final order is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *Rigsby v. Rigsby*, 340 Ark. 544, 546, 11 S.W.3d 551, 552 (2000). Because the issue is one of jurisdiction, it is a matter we will consider even though the parties

have not raised it. *Haile v. Ark. Power & Light Co.*, 322 Ark. 29, 907 S.W.2d 122 (1995). Absent a final order or a properly executed certificate from the circuit court making an "express determination, supported by specific factual findings, that there is no just reason for delay"—which we do not have—an order that fails to adjudicate all of the parties' claims cannot be appealed. Ark. R. Civ. P. 54(b) (2015).

The problem here is that Johnson voluntarily nonsuited her sex-discrimination claim. Our supreme court has held that a plaintiff may not take a voluntary nonsuit as to some of its claims and then appeal from the circuit court's order disposing of the plaintiff's other claims because a voluntary nonsuit without prejudice leaves the plaintiff free to refile the claim; therefore, the order is not considered final. *Bevans v. Deutsche Bank Nat'l Trust Co.*, 373 Ark. 105, 108, 281 S.W.3d 740, 743 (2008); *see also Pro Transp., Inc. v. Volvo Trucks N. Am., Inc.*, 96 Ark. App. 166, 239 S.W.3d 537 (2006). Thus, in the absence of an order dismissing Johnson's sex-discrimination claim with prejudice or a properly executed Rule 54(b) certificate, we have no jurisdiction over this appeal.

Dismissed without prejudice.

WHITEAKER and HOOFMAN, JJ., agree.

*Sutter & Gillham, P.L.L.C.*, by: *Luther Oneal Sutter* and *Lucien Gillham*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Troy A. Price*, *William Stuart Jackson*, and *Regina A. Young*, for appellee.