# ARKANSAS COURT OF APPEALS

No. CV-16-549

| | |
|---|---|
| | **Opinion Delivered** April 19, 2017 |
| WILLIAM B. CHERRY | APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 14DR-14-245] |
| V. | HONORABLE MICHAEL R. LANDERS, JUDGE |
| RHONDA MARLENE CHERRY (NOW FULKROAD) | MOTION GRANTED; DIRECT APPEAL DISMISSAL MODIFIED TO BE WITHOUT PREJUDICE; CROSS-APPEAL DISMISSED WITHOUT PREJUDICE |
| APPELLEE | |

**PER CURIAM**

This appeal was commenced by William Cherry when he filed a timely notice of appeal from the February 3, 2016 "final order" of the Columbia County Circuit Court. Rhonda Cherry filed a timely cross-appeal. The record was lodged and the clerk of our court set a briefing schedule with William's brief due on July 27, 2016. After extensions, William's brief was due on September 2, 2016.

When no brief was filed by William, Rhonda filed a motion to proceed on the cross-appeal. Subsequently, our court received a letter from the widow of William's attorney advising our court that William's attorney had passed away and recommending that William obtain new counsel. The clerk of this court attempted, unsuccessfully, to contact William to confirm that he was pursuing the appeal. When no brief or motion to extend was filed on William's behalf,

our court, on November 2, 2016, dismissed William's appeal and authorized the case to go forward on Rhonda's cross-appeal.

Rhonda's cross-appellant brief was filed on December 20, 2016. William's cross-appellee brief was due on January 26, 2017. On January 13, 2017, an entry of appearance by Karen Talbot Gean was filed on behalf of William. A request for an extension to file a cross-appellee brief was granted, and William's brief was due March 27, 2017.

On March 16, 2017, William filed a "motion to dismiss the cross-appeal without prejudice and amend order dismissing direct appeal to provide that such dismissal is also without prejudice, or in the alternative to dismiss the cross-appeal with prejudice, or in the second alternative to reinstate the direct appeal, and motion to stay briefing schedule or extend brief time." The principle argument, with which we agree, is that the purported "final order" entered by the circuit trial court on February 3, 2016, is not a final order because it does not dispose of the counterclaim filed by William.

Our court and the supreme court have consistently held that in order to achieve finality all claims must be disposed of by written order, even if it appears that the court's order rendered an outstanding claim moot or impliedly dismissed. *Spears v. Spears*, 2012 Ark. App. 181, at 2 (citing *Bulsara v. Watkins*, 2010 Ark. 453; *Lamco Ltd. P'ship II v. Pasta Concepts, Inc.*, 2012 Ark. App. 145). Because a counterclaim remains outstanding in this case, we must dismiss the cross-appeal without prejudice to refile upon entry of a final decree. *Id.* (citing *Berry v. Moon*, 2011 Ark. App. 78).[1]

---

[1]William did not include a statement in his notice of appeal that he abandoned any pending but unresolved claims. Ark. R. App. P. –Civ. 3(vi) (2016).



The dismissal of the direct appeal is modified to reflect that it is without prejudice, and the cross-appeal is dismissed without prejudice.