Cite as 2017 Ark. App. 293



# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–15–974

| | | |
|---|---|---|
| SIMON POCKRUS | | **Opinion Delivered** May 10, 2017 |
| | APPELLANT | |
| | | APPEAL FROM THE BENTON COUNTY |
| V. | | CIRCUIT COURT |
| | | [NO. CV-14-741] |
| VICTORIA MORRIS | | |
| | | HONORABLE BRAD KARREN, JUDGE |
| | APPELLEE | |
| | | DISMISSED WITHOUT PREJUDICE |

## BRANDON J. HARRISON, Judge

Simon Pockrus sued his former attorney Victoria Morris for legal malpractice arising out of her representation of him in divorce proceedings. He appeals a jury verdict in favor of Victoria, but we lack jurisdiction over the appeal and must dismiss it.

This litigation began when Victoria sued Simon seeking payment for her outstanding bill for legal services. Simon counterclaimed, alleging legal malpractice and suing for breach of contract, fraud, negligence, and breach of fiduciary duty. On the eve of trial, Victoria dismissed without prejudice her request for outstanding legal fees pursuant to Arkansas Rule of Civil Procedure 41(a). The case proceeded to a jury trial on Simon's counterclaim, and the jury rendered a verdict in Victoria's favor that was reduced to judgment. Simon appealed.

Here we address whether the voluntary dismissal of Victoria's complaint against Simon pursuant to Arkansas Rule of Civil Procedure 41(a) was sufficient to achieve finality

when coupled with the subsequent jury verdict against Simon's counterclaim. A final order is necessary for this court to have jurisdiction on appeal. Ark. R. App. P.–Civ. 2(a)(1); *Cherry v. Cherry*, 2017 Ark. App. 245 (per curiam). Pursuant to Arkansas Rule of Civil Procedure 54(b), an order or judgment is not considered final and appealable unless it disposes of all the parties and all the claims. *Bevans v. Deutsche Bank Nat'l Tr. Co.*, 373 Ark. 105, 281 S.W.3d 740 (2008). In *Bevans*, our supreme court considered whether the voluntary dismissal of a compulsory counterclaim was sufficient to achieve finality and determined that it was not. *Id.* The court reasoned that a voluntary nonsuit leaves a party free to refile his or her claim, and "if a party is free to refile his or her compulsory counterclaims that arise out of the same transaction or occurrence as claims that are decided by the circuit court, the possibility for piecemeal litigation exists." *Id.* at 109, 281 S.W.3d at 744. This case is different procedurally because it deals with a plaintiff's nonsuited complaint instead of a defendant's nonsuited compulsory counterclaim, but the jurisdictional principle here is essentially the same as in *Bevans*.

Arkansas Rule of Civil Procedure 41(a) gives Victoria the right to refile her claim against Simon. Because she may refile her claim, the circuit court's order is not final.

Dismissed without prejudice.

GLADWIN and MURPHY, JJ., agree.

*Harry McDermott*, for appellant.

*Burke Law Firm, P.A.*, by: *Brian T. Burke*, for appellee.