Cite as 2020 Ark. App. 42

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-19-33

| | |
|---|---|
| | **Opinion Delivered** January 22, 2020 |
| TERRY CAUFFIEL, AS ADMINISTRATOR OF THE ESTATE OF CAROLYN SUE CAUFFIEL, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF CAROLYN SUE CAUFFIEL | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-13-355] |
| | HONORABLE GARY ARNOLD, JUDGE |
| APPELLANT | |
| V. | |
| PROGRESSIVE ELDERCARE SERVICES- SALINE, INC., D/B/A HEARTLAND REHABILITATION AND CARE CENTER; SOUTHERN ADMINISTRATIVE SERVICES, LLC; AND CAREPLUS STAFFING SERVICES, LLC | DISMISSED WITHOUT PREJUDICE |
| APPELLEES | |

## LARRY D. VAUGHT, Judge

After a jury trial, the Saline County Circuit Court entered a judgment finding in favor

of Terry Cauffiel, as administrator of the estate of Carolyn Sue Cauffiel, on his negligence and

medical-malpractice claim against Progressive Eldercare Services-Saline, Inc., d/b/a Heartland

Rehabilitation & Care Center (Progressive-Saline); finding in favor of CarePlus Staffing

Services, LLC (CarePlus), and Southern Administrative Services, LLC (SAS); and dismissing

Cauffiel's cause of action for violations of the Resident's Rights Act. On appeal, Cauffiel argues that the circuit court erred in directing a verdict on his resident's-rights claim. Because we do not have a final order, we lack jurisdiction and must dismiss this appeal.[1]

Carolyn Sue Cauffiel, a resident of Progressive-Saline from February 29 to July 22, 2012, passed away on July 25, 2012. On November 7, 2013, Terry Cauffiel, Carolyn's son, filed a second amended complaint against twelve defendants—Progressive-Saline, Progressive Eldercare Services, Inc. (Progressive); Procare Therapy Services, LLC; JEJ Investments, LLC; Ponthie Holdings, LLC; MLD Properties, LLC; SAS; CarePlus; John Ponthie; Ross Ponthie; Mark Thompson; and Ernest Johnson in his capacities as administrator of Progressive-Saline. The second amended complaint alleged the following against all defendants except Johnson: (1) negligence/medical malpractice, (2) breach of the nursing-home admission agreement, (3) breach of the provider agreement, (4) violations of the Resident's Rights Act, and (5) violations of the Deceptive Trade Practices Act. Cauffiel alleged negligence against Johnson.

Cauffiel's case went to trial against three of the defendants—Progressive-Saline, SAS, and CarePlus—on two claims—negligence/medical malpractice and resident's-rights violations. The circuit court directed a verdict on the resident's-rights claim. The negligence/medical-malpractice claim was submitted to the jury, which found that Progressive-Saline had breached the standard of care. The jury awarded $30,812.15 for Carolyn Sue Cauffiel's pain and suffering but no punitive damages. The jury found in favor of SAS and

---

[1]This is the second appeal in this case. In the first, we affirmed the circuit court's denial of summary judgment filed by Progressive-Saline due to the affirmative defense of charitable immunity. *Progressive Eldercare Servs.-Saline, Inc. v. Cauffiel*, 2016 Ark. App. 523, 508 S.W.3d 59.

CarePlus. After the circuit court entered a judgment memorializing the jury verdict, Cauffiel appealed, arguing that the circuit court erred in directing a verdict on the resident's-rights claim.

For this court to have jurisdiction over an appeal, the order appealed from must either be a final order or meet one of several exceptions not applicable here under Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil (2019). A final order is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *Johnson v. Windstream Commc'ns, Inc.*, 2016 Ark. App. 419, at 2. Because the issue is one of jurisdiction, it is a matter we will consider even though the parties have not raised it. *Id.* at 2–3. Absent a final order or a properly executed certificate from the circuit court making an "express determination, supported by specific factual findings, that there is no just reason for delay," an order that fails to adjudicate all of the parties' claims cannot be appealed. *Id.* at 3 (citing Ark. R. Civ. P. 54(b) (2019)).

We have identified two finality problems. The first is that the cause of action for violations of the Deceptive Trade Practices Act was dismissed without prejudice following Cauffiel's motion for nonsuit of that claim. Our supreme court has held that a plaintiff may not take a voluntary nonsuit as to some of its claims and then appeal from the circuit court's order disposing of the plaintiff's other claims because a voluntary nonsuit without prejudice leaves the plaintiff free to refile the claim; therefore, the order is not considered final. *Johnson*, 2016 Ark. App. 419, at 3 (citing *Bevans v. Deutsche Bank Nat'l Tr. Co.*, 373 Ark. 105, 108, 281 S.W.3d 740, 743 (2008); *Pro Transp., Inc. v. Volvo Trucks N. Am., Inc.*, 96 Ark. App. 166, 239

3

S.W.3d 537 (2006)). Thus, in the absence of an order dismissing Cauffiel's Deceptive Trade Practices Act claim with prejudice or a properly executed Rule 54(b) certificate, we have no jurisdiction over this appeal.

The second problem is that the record contains no final disposition of Cauffiel's cause of action for breach of the nursing-home admission agreement. Therefore, the judgment from which Cauffiel appeals is not a final order. *Splawn v. Wade*, 2013 Ark. App. 187, at 5–6, 427 S.W.3d 89, 92 (dismissing for lack of a final order because the record was silent on the disposition of one of the plaintiff's causes of action); *Blackwell v. Brown's Moving & Storage, Inc.*, 2016 Ark. App. 451, at 4, 502 S.W.3d 534, 537 (same).

We acknowledge the language in the circuit court's judgment stating, "[c]onsistent with the verdicts of the jury, all other claims herein be and hereby are dismissed with prejudice," and hold that it does not remedy the jurisdictional deficiencies described above. This language is restricted to the claims that were presented to the jury, which did not include the causes of action for violations of the Deceptive Trade Practices Act or breach of the nursing-home admission agreement.

For these reasons, we dismiss this appeal without prejudice.[2]

---

[2]In addition to the finality problems stated herein, there are a few addendum deficiencies that require correction should Cauffiel obtain a final order and refile this appeal. Arkansas Supreme Court Rule 4-2(a)(8)(A)(i) (2019) provides that the addendum must include any pleading that is essential for the appellate court to confirm its jurisdiction. Cauffiel's addendum does not include the March 31, 2015 order that dismissed MLD Properties, LLC, with prejudice. The addendum does not include the March 24, 2015 order that dismissed Ponthie Holdings, LLC, with prejudice and dismissed Cauffiel's claim for breach of the provider agreement. Finally, the March 24 order dismissing the breach-of-the-provider-agreement claim does not explicitly state whether the dismissal is with or without prejudice.

Dismissed without prejudice.

KLAPPENBACH and HIXSON, JJ., agree.

*Reddick Moss, PLLC*, by: *Matthew D. Swindle* and *Robert W. Francis*, for appellant.

*Kutak Rock LLP*, by: *Mark W. Dossett* and *Samantha Blasingame Leflar*, for appellee Progressive Eldercare Services-Saline, Inc.

---

The absence of these pleadings in the addendum prevents this court from confirming jurisdiction.