Dr. Amy FLEMING and Charles A. Fleming *v.*
COX LAW FIRM and S. Lance Cox

05-37                                         210 S.W.3d 866

Supreme Court of Arkansas
Opinion delivered June 23, 2005

*Steven B. Davis*, for appellants.

*Warner, Smith & Harris, PLC*, by: *G. Alan Wooten* and *Kathryn A. Stocks*, for appellees.

J IM HANNAH, Chief Justice. Charles A. Fleming and Amy L. Fleming (Fleming) appeal a decision of the Boone County Circuit Court dismissing their complaint for slander of title against The Cox Firm and S. Lance Cox (Cox) for failure to state a cause of action. Fleming asserts that the circuit court erred in dismissing this case based on attorney immunity and attorney privilege. We hold that Cox is immune from suit in this case under attorney immunity. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1).

*Facts*

Charles A. Fleming and Cox's client Elizabeth G. Quina were divorced in Florida on May 8, 1979. As part of the divorce settlement, Charles A. Fleming was ordered to pay $165 per month as child support. Quina obtained a Florida judgment for arrearage on child support and engaged Cox to execute on the judgment here in Arkansas. As part of his representation of Quina on the judgment, Cox filed a Notice of Judgment and Lis Pendens on certain real property in Boone County that Cox thought belonged to Charles A. Fleming. Fleming filed a counterclaim in the action asserting a cause of action for slander of title.

The Florida judgment was registered in the Boone County Circuit Court; however, Quina was unsuccessful in enforcing the judgment. Fleming dismissed the counterclaim and filed the present action against Cox for slander of title. Cox responded with

a motion to dismiss under Ark. R. Civ. P. 12(b)(6), alleging a number of bases for dismissing the action. The circuit court granted the motion based on attorney immunity and privilege.

## Standard of Review

We review an order granting a motion to dismiss by treating the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff. *Preston v. University of Arkansas for Med. Scis.*, 354 Ark. 666, 128 S.W.3d 430 (2003). In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. *Id.*

## Slander of Title

Fleming's action is one for slander of title. Slander of title is an action based on malicious publication of a false matter that disparages the title to property. *See Sinclair Ref. Co. v. Jones*, 188 Ark. 1075, 70 S.W. 2d 562 (1934). The Flemings assert in their amended complaint that Cox "intentionally and maliciously" filed a lis pendens lien on real property when Cox "knew or should have known" that judgment from Florida was "uncollectible under the applicable laws of the State of Florida." Fleming further alleges that this act was done to "obtain a profit for their (Cox's) separate benefit. . . ."

"The purpose of a lis pendens is to put bona fide purchasers or mortgagees upon notice that the title to certain real or personal property is being litigated." *Ashworth v. Hankins*, 241 Ark. 629, 631, 408 S.W.2d 871, 873 (1966). The lis pendens statute in Arkansas is not applicable to an action seeking only a money judgment because "by its terms, it applies only to actions affecting title or any lien on real estate or personal property." *Health Betterment Found. v. Thomas*, 225 Ark. 529, 534, 283 S.W.2d 863, 866 (1955) (quoting *Tolley v. Wilson*, 212 Ark. 163, 165, 205 S.W.2d 177, 178 (1947).

## Immunity

Excepting actions where there is privity, attorneys enjoy immunity from suit related to professional activities with some exceptions as set out under Ark. Code Ann. § 16-22-310

(Repl. 1999) and § 16-114-303 (Supp. 2003 ). The statutes are near mirror images and, in pertinent part, both provide:

> No person licensed to practice law in Arkansas and no partnership or corporation of Arkansas licensed attorneys or any of its employees, partners, members, officers, or shareholders shall be liable to persons not in privity of contract with the person, partnership, or corporation for civil damages resulting from acts, omissions, decisions, or other conduct in connection with professional services performed by the person, partnership, or corporation, except for:
>
> Acts, omissions, decisions, or conduct that constitutes fraud or intentional misrepresentations;

Ark. Code Ann. § 16-22-310(a) and (a)(1) (Repl. 1999) and Ark. Code Ann. § 16-114-303. The immunity granted under these statutes is "limited to suits based on conduct in connection with professional services rendered by the attorney." *Madden v. Aldrich*, 346 Ark. 405, 414, 58 S.W.3d 342, 349, 349 (2001). In *Madden*, the case arose from fraud committed by the employee attorney of the attorney sued. Therefore, the immunity of the statutes did not reach to the employer attorney.

However, even though an attorney enjoys immunity from actions by persons not in privity, there is no requirement of privity where the acts constitute fraud or intentional misrepresentation. *Nielsen v. Berger-Nielsen*, 347 Ark. 996, 69 S.W. 3d 414 (2002); *Calandro v. Parkerson*, 327 Ark. 131, 936 S.W. 2d 755 (1997). In this case, there is no privity between Fleming and Cox; therefore, any action by Fleming against Cox must be based in fraud or intentional misrepresentation. To establish fraud, a plaintiff must show: (1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance. *Knight v. Day*, 343 Ark. 402, 36 S.W.3d 300 (2001); *see also Wiseman v. Batchelor*, 315 Ark. 85, 864 S.W.2d 248 (1993). Aside from alleged unspecified damage, not one of the other four elements is met by the facts alleged in the amended complaint. There is no assertion that Cox made a representation that Fleming relied upon, so there is no issue based on fraud or misrepresentation. Fleming only provides conclusory allegations and asserts that immunity simply should not apply when

there is a wrongful filing of a lis pendens notice. This would improperly base liability merely upon the act of filing. The logical conclusion in this case is that the lis pendens was simply filed in error. Other jurisdictions have held that immunity applies in cases of negligent filings. *See Drawdy v. Sapp*, 365 So. 2d 461 (Fla. Dist. Ct. App. 1978); *Weigel v. Hardesty*, 37 Colo. App. 541, 549 P.2d 1335 (1976). Further:

> an attorney owes a duty of care only to the client and not to third parties. This privity rule ensures that "attorneys may in all cases zealously represent their clients without the threat of suit from third parties compromising that representation."

*Hedges v. Durrance*, 175 Vt. 588, 589, 834 A.2d 1 (2003) (quoting *Barcelo v. Elliott*, 923 S.W. 2d 575, 578-79 (Tex. 1996).

■ The circuit court concluded that Cox placed a lien on land in which it was believed that Fleming held an interest and that the acts were the lawful actions of an attorney representing his client. Cox is immune from suit. Because Cox is immune from suit, we need not address the issue of privilege.