

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-519

| | |
|---|---|
| SEECO, INC; JOYCE WALLS, INDIVIDUALLY; AND JACK AND JOYCE WALLS AS TRUSTEES OF THE JACK G. WALLS AND JOYCE J. WALLS REVOCABLE TRUST<br><br>APPELLANTS<br><br>V.<br><br>CARVER L. HOLDEN; CHESAPEAKE OPERATING, INC.; CHESAPEAKE EXPLORATION LIMITED PARTNERSHIP; CHESAPEAKE EXPLORATION, LLC; CHESAPEAKE INVESTMENTS, an Oklahoma Limited Partnership; BP AMERICA PRODUCTION COMPANY; BHP BILLITON PETROLEUM (FAYETTEVILLE), LLC; AND RIVERBEND EXPLORATION AND PRODUCTION, LLC<br><br>APPELLEES | **Opinion Delivered** April 9, 2014<br><br>APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. CV-2009-679]<br><br><br><br><br>HONORABLE TOM HUGHES, JUDGE<br><br><br><br>DISMISSED WITHOUT PREJUDICE |

## RHONDA K. WOOD, Judge

SEECO, Inc., Joyce Walls individually, and Joyce and Jack Walls, as trustees of a family trust, appeal from an order establishing Carver L. Holden as owner of certain mineral rights. Because the order is not final, we lack jurisdiction to hear the appeal. We therefore dismiss without prejudice.

SLIP OPINION

Joyce Walls sued Carver Holden and his assignee, Chesapeake (along with several related entities), to quiet title to a one-half mineral interest in approximately ninety-five acres of land in White County. SEECO intervened to protect its lease with Joyce Walls, and the Walls family trust intervened as the transferee of Walls's rights. By amended complaints, Walls added Chesapeake's purported assignees—BP America Production Company, BHP Billiton (Fayetteville) Petroleum, LLC, and Riverbend Exploration and Production, LLC—as defendants. All defendants filed answers. Additionally, Chesapeake filed a cross claim against Holden to recover its costs of defense and a lease bonus it had paid to Holden should the court determine that Walls owned half of the mineral interest.

The court ruled that Holden owned the mineral rights in full. The court further found that Chesapeake had rights under the Holden lease and that Riverbend had rights under an assignment from Chesapeake. The court's order did not address whether defendants BP America and BHP Billiton had any rights under the Holden lease, nor did it adjudicate or otherwise dispose of Chesapeake's cross-claim against Holden.

An appeal may be taken only from a final judgment or decree entered by the trial court. Ark. R. App. P.–Civ. 2(a)(1) (2013). Absent a proper certificate, an order is not final that adjudicates fewer than all of the claims in a lawsuit or the rights and liabilities of fewer than all of the parties. Ark. R. Civ. P. 54(b)(2) (2013). Whether an order is final and appealable is a jurisdictional question that may be raised by this court sua sponte. *See Lamont v. Healthcare Capital, Inc.*, 2013 Ark. App. 283.

In this case, the court's order did not contain a certificate allowing an immediate appeal pursuant to Ark. R. Civ. P. 54(b)(1) (2013). The order is not final because the

2

order did not address the rights and liabilities of BP America and BHP Billiton nor did it resolve Chesapeake's cross-claim against Holden. The presence of an unresolved cross-claim deprives the appellate court of jurisdiction to hear the appeal, even when the cross-claim appears to have been implicitly resolved by the outcome of the trial. *See Bulsara v. Watkins*, 2010 Ark. 453; *Ellis v. Agriliance, LLC*, 2012 Ark. App. 549; *Lamco Ltd. P'ship II v. Pasta Concepts, Inc.*, 2012 Ark. App. 145. Given these circumstances, we must dismiss the appeal.

Our dismissal is without prejudice to refile at a later date. *LaRue v. Ground Zero Constr., Inc.*, 2014 Ark. App. 93.

Dismissed without prejudice.

WYNNE and GRUBER, JJ., agree.

*Perkins & Trotter, PLLC*, by: *R. Scott Morgan* and *Patrick Feilke*; and *Stephen C. Gardner*, for appellants.

*Millar Jiles, LLP*, by: *G. Michael Millar* and *Lindsey K. Bell*; and *Lody & Arnold, Attorneys at Law, P.A.*, by: *Wesley G. Lody*, for appellees.