

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV–15–134

| | | |
|---|---|---|
| ANNA J. BELK | | **Opinion Delivered** December 2, 2015 |
| | APPELLANT | APPEAL FROM THE PERRY COUNTY CIRCUIT COURT [NO. CV–2013–22] |
| V. | | |
| | | HONORABLE WENDELL GRIFFEN, JUDGE |
| RONALD L. BELK ET AL. | | |
| | APPELLEES | DISMISSED WITHOUT PREJUDICE |

### M. MICHAEL KINARD, Judge

The central issue in this appeal is whether Rhea Belk validly executed deeds to convey approximately 167 acres of real property in Perry County, Arkansas. Rhea Belk executed a last will and testament naming the appellant, Anna Belk, as a beneficiary entitled to a portion of the disputed property. After the execution of her will, Rhea deeded the property to her son, William, and after William's death, she participated in the execution of deeds that transferred the property to his heirs and their spouses. Appellant sued the appellees seeking a declaratory judgment that Rhea Belk lacked the requisite mental capacity to execute the deeds transferring the property.[1] The trial court granted summary judgment to appellees, and appellant appealed, challenging the ruling on several grounds. Because we lack a final order, we do not reach the merits of this appeal.

---

[1] The appellees are William's heirs, their spouses, and Rhea Belk.

Rhea Belk executed a last will and testament in April 1979. Under the terms of the will, her two sons, Russell Belk and William Belk, Sr., were named as beneficiaries of approximately 167 acres of land. Russell became ill, and in July 2007, Rhea amended her last will and testament to name appellant, Russell's daughter, as a beneficiary under her will. Rhea's son, William, remained a co-beneficiary. In February 2009, when she was allegedly suffering from diminished health and mental capacity, Rhea deeded the disputed property to William through a quitclaim deed wherein she retained a life estate in the property. This transfer effectively acted to disinherit appellant.[2]

William died in January 2013. In March 2013, William's heirs executed seven separate warranty deeds that subdivided and conveyed the disputed property amongst themselves individually, along with their spouses, so that each owned a separate tract of land. Rhea joined in the execution of the warranty deeds, relinquishing her life estate in the property in all but the property conveyed to appellee Patty L. Kelly because that property included the house where Rhea lives.

Appellant learned of the conveyances and instituted this litigation in May 2013 in an attempt to invalidate the transfer of the disputed property. She sought a declaratory judgment that the 2009 deed and the 2013 deeds are invalid. At that time, she also filed a notice of lis pendens with the Perry County Circuit Clerk. Appellees answered the petition

---

[2] "The distinctive characteristic of a specific legacy is its liability to ademption. If the identical thing bequeathed is not in existence, or has been disposed of so that it does not form a part of the testator's estate, at the time of his death, the legacy is extinguished or adeemed, and the legatee's rights are gone." *Worthen Bank & Trust Co. v. Green*, 237 Ark. 785, 788, 376 S.W.2d 275, 277 (1964).

SLIP OPINION

for declaratory judgment denying that the deeds should be declared invalid and filed a counterclaim seeking a declaratory judgment that the 2009 deed was valid. Appellees also counterclaimed for slander of title, alleging that the appellant's lawsuit and accompanying notice of lis pendens were filed maliciously.

In February 2014, appellees moved for summary judgment on the appellant's claim for declaratory judgment that the 2009 and 2013 deeds were invalid as well as their counterclaim for a declaratory judgment that the 2009 deed was valid. On September 9, 2014, the circuit court entered an order granting appellees' motion for summary judgment and declaring valid Rhea Belk's signatures on the 2009 quitclaim deed and the 2013 deeds.

Following the grant of summary judgment, the only pending claim was appellees' slander-of-title claim. Appellees voluntarily dismissed their slander-of-title claim without prejudice on October 22, 2014. It is the dismissal without prejudice of appellees' slander-of-title claim that precludes us from reaching the merits of this case.

Although neither party raises the issue of finality, the court must necessarily address it because it affects our jurisdiction over the appeal. *Crockett v. C.A.G. Investments, Inc.*, 2010 Ark. 90, 361 S.W.3d 262. The voluntary dismissal without prejudice of a compulsory counterclaim does not operate to make the court's order final and appealable under Ark. R. Civ. P. 54(b) because a counterclaim can be refiled. *See Crockett, supra; see also Bevans v. Deutsche Bank National Trust Co.*, 373 Ark. 105, 281 S.W.3d 740 (2008). A compulsory counterclaim is "any claim which, at the time of filing the pleading, the pleader has against any opposing party, if it arises out of the same transaction or occurrence that is the subject

matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Ark. R. Civ. P. 13(a).

An action for slander of title is "based on malicious publication of a false matter that disparages the title to property." *Fleming v. Cox Law Firm*, 363 Ark. 17, 201 S.W.3d 866 (2005). Appellant's original claim related to whether Rhea Belk validly transferred property to appellees. With that lawsuit, appellant filed a notice of lis pendens with the Perry County Circuit Clerk. "The purpose of a lis pendens is to put bona fide purchasers or mortgagees upon notice that the title to the real property is being litigated." *Fleming, supra*. Appellees' slander–of–title claim alleges that appellant's lawsuit and accompanying lis pendens were filed maliciously for the purpose of harassment. The slander–of–title claim arises out of the same transaction or occurrence as appellant's original lawsuit and, thus, is a compulsory counterclaim. *See Crockett, supra*. Because the dismissal of this compulsory counterclaim was without prejudice, we are without jurisdiction to address the merits of this appeal.

Dismissed without prejudice.

GLADWIN, C.J., and ABRAMSON, J., agree.

*Rose Law Firm*, by: *Byron J. Walker* and *Victoria H. Jones*, for appellant.

*Joseph Hamilton Kemp, PLLC*, by: *Joseph Hamilton Kemp*, for appellees.

SLIP OPINION