Cite as 2016 Ark. App. 547



# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–16–80

RUTH JACOBS

APPELLANT

V.

DEREK COLLISON

APPELLEE

**Opinion Delivered:** November 16, 2016

APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT
[NO. CV-14-113-2]

HONORABLE DOUG MARTIN, JUDGE

APPEAL DISMISSED

## BART F. VIRDEN, Judge

After we dismissed an earlier appeal for lack of a final order, *Jacobs v. Collison*, 2015 Ark. App. 420, Ruth Jacobs again appeals the Washington County Circuit Court's dismissal of her complaint against appellee Derek Collison. We must once again dismiss the appeal for lack of a final order.

The facts and procedural history are set out in our earlier opinion and need not be repeated here. On remand, Collison filed a notice that he was voluntarily dismissing his counterclaim without prejudice. An order dismissing the counterclaim was entered on November 20, 2015. On December 8, 2015, the court executed a stand–alone Rule 54(b) certificate. The certificate was not attached to the order dismissing the counterclaim and did not explain why an immediate appeal was needed. The court did note that it was attempting to dispose of a lis pendens claim. An amended order of dismissal was entered on December 28, 2015. The order stated that it was amending the November 20, 2015 order dismissing

Collison's counterclaim without prejudice so that the Rule 54(b) certificate would immediately follow the judge's signature. The Rule 54(b) certificate is identical to the stand-alone certificate executed on December 8, 2015. Jacobs timely filed her notice of appeal.

Neither party has raised the issue, but whether an order is final for appeal purposes is a jurisdictional point that we must often raise on our own. *See Hankook Tire Co., Ltd. v. Philpot*, 2016 Ark. App. 386, ___ S.W.3d ___. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure-Civil states that an appeal may—absent some exceptions that do not apply—be taken from a final judgment or decree. A final order is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *Davis v. Brown*, 2011 Ark. App. 789. Absent a final order or a properly executed certificate from the circuit court making an "express determination, supported by specific factual findings, that there is no just reason for delay," an order that fails to adjudicate all of the parties' claims cannot be appealed. Ark. R. Civ. P. 54(b).

There are actually three finality problems. The first is that the amended order dismissing Collison's counterclaim does not actually dismiss the counterclaim. Instead, it merely states that it is amending the order dismissing the counterclaim to add the Rule 54(b) certificate. Because the order is not "one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy," *McGann v. Pine Bluff Police Dep't*, 334 Ark. 352, 355, 974, S.W.2d 462, 463 (1998), it is not final for purposes of appeal.

The second problem is that the counterclaim was dismissed without prejudice. Our supreme court has held that an order was not a final, appealable order when a defendant

nonsuited her compulsory counterclaims, and the circuit court order addressed only the plaintiff's claims. *Bevans v. Deutsche Bank Nat'l Tr. Co.*, 373 Ark. 105, 107, 281 S.W.3d 740, 742 (2008). In *Bevans*, the supreme court stated that even a written order reflecting that the defendant's compulsory counterclaims were dismissed without prejudice would not have cured the finality problem because the compulsory counterclaims could be refiled later.

> By rule, a compulsory counterclaim is
>
> any claim which, at the time of filing the pleading, the pleader has against any opposing party, *if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim* and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Ark. R. Civ. P. 13(a) (emphasis added). Here, the circuit court could not address Collison's counterclaim for Jacobs's eviction from the home without also addressing whether Jacobs had an interest in the home. Collison remains free to refile his counterclaim in the event that Jacobs somehow returns to occupy the home. Therefore, Collison's counterclaim was a compulsory counterclaim such that the dismissal of it without prejudice does not achieve finality. *Bevans*, *supra*.

The third problem with the order dismissing Collison's counterclaim deals with the sufficiency of the Rule 54(b) certificate: it does not contain any factual findings that explain why hardship or injustice would result if an immediate appeal is not permitted. Our supreme court has held that the discretionary power of the circuit court to direct finality is to be exercised infrequently and only in harsh cases. *Robinson v. Villines*, 2012 Ark. 211. When a certificate is void of specific factual findings as to the existence of danger of hardship or injustice that could be alleviated by an immediate appeal, the appellate court dismisses the appeal for lack of appellate jurisdiction. *Id.*; *see also Stratton v. Ark. State Highway Comm'n*,

3

323 Ark. 740, 917 S.W.2d 538 (1996); *Davis v. Wausau Ins. Cos.*, 315 Ark. 330, 867 S.W.2d 444 (1993). Here, the amended order merely states a conclusion that an injustice would result and does not reference any hardship that would occur. Without specific findings to support this conclusion, the order does not satisfy the requirements of Rule 54(b). *Gray v. White River Health Sys., Inc.*, 2016 Ark. 73, 483 S.W.3d 293; *Kyle v. Gray, Ritter & Graham, P.C.*, 2012 Ark. 268.

Appeal dismissed.

HARRISON and BROWN, JJ., agree.

*Davidson Law Firm*, by: *Stephanie Ann Linam*, for appellant.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellee.