SLIP OPINION



Cite as 2017 Ark. App. 192

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–16–864

| | |
|---|---|
| BOBBY H. WEATHERFORD, REBECCA S. DOWNING, AND TERRY K. WEATHERFORD<br><br>APPELLANTS<br><br>V.<br><br>ARKANSAS RECLAMATION COMPANY, LLC, THE KENNETH H. SANSON REVOCABLE TRUST AND THE PEGGY J. SANSON REVOCABLE TRUST<br><br>APPELLEES | **Opinion Delivered** March 29, 2017<br><br>APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. 73CV-09-241]<br><br>HONORABLE THOMAS HUGHES, JUDGE<br><br>APPEAL DISMISSED |

## DAVID M. GLOVER, Judge

This is the second time this appeal has been before this court. Appellants Bobby Weatherford, Rebecca Downing, and Terry Weatherford (collectively the "Weatherfords") appeal the White County Circuit Court's decision denying their petition to confirm and quiet title in 1.37 acres in them by either adverse possession or boundary by acquiescence. We dismissed the first appeal because there was not a final, appealable order.[1] We must now dismiss this appeal a second time because there is still not a final, appealable order.

The Weatherfords filed their petition to confirm and quiet title in March 2009 against appellees Arkansas Reclamation Company, LLC (ARC), the Kenneth H. Sanson Revocable

---

[1] *Weatherford v. Arkansas Reclamation Co., LLC*, 2015 Ark. App. 667.

Trust, and the Peggy J. Sanson Revocable Trust (the Sanson Trusts).[2]  ARC and the Sanson Trusts filed separate answers denying the Weatherfords' claims; the Sanson Trusts also filed a separate counterclaim alleging the tort of abuse of process.  The Weatherfords responded to the Sanson Trusts' counterclaim.  The Weatherfords then filed an amended petition to confirm and quiet title, to which both ARC and the Sanson Trusts responded.  After a hearing on the merits, including the filing of posttrial briefs, the trial court denied the Weatherfords' petition to confirm and quiet title.  The Weatherfords then appealed the trial court's decision.

We dismissed the first appeal because the trial court failed to address the Sanson Trusts' counterclaim.  *Weatherford*, 2015 Ark. App. 667, at 2.  After dismissal of the first appeal, the trial court dismissed the Sanson Trusts' counterclaim without prejudice by agreement of the parties in an order filed on June 14, 2016, and the Weatherfords filed a timely appeal.

Although neither party raises the issue, whether an order is final for appeal purposes is a jurisdictional question, which this court will raise on its own. *Jacobs v. Collison*, 2016 Ark. App. 547, 505 S.W.3d 254.  The voluntary dismissal without prejudice of a compulsory counterclaim does not make the trial court's order final and appealable under Ark. R. Civ. P. 54(b) because a counterclaim can be refiled. *Belk v. Belk*, 2015 Ark. App. 682, 476 S.W.3d 861; *Collins v. Leutholt*, 2015 Ark. App. 664.  A compulsory counterclaim is "any claim which, at the time of filing the pleading, the pleader has against any opposing party, if it arises

---

[2]The Sanson Trusts purchased the land in question in 2005 and sold it to ARC in 2007.

out of the same transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Ark. R. Civ. P. 13(a).

Because the counterclaim was dismissed without prejudice and could be refiled, there is still not a final, appealable order. Although an otherwise nonfinal order may be appealed pursuant to Arkansas Rule of Civil Procedure 54(b)(1), there was no such certification in this case; therefore, we have no jurisdiction, and the appeal must be dismissed for lack of a final order.

Appeal dismissed.

HIXSON and BROWN, JJ., agree.

*Lightle, Raney, Streit & Streit, LLP*, by: *Susannah R. Streit*, for appellants.

*Steel, Wright, Gray & Hutchinson, PLLC*, by: *Alex T. Gray*, for appellees.