

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-16-429

| | |
|---|---|
| ANNA J. BELK<br><br>APPELLANT<br><br>V.<br><br>RONALD L. BELK ET AL.<br><br>APPELLEES | Opinion Delivered: MAY 3, 2017<br><br>APPEAL FROM THE PERRY COUNTY CIRCUIT COURT [NO. 53CV-13-22]<br><br>HONORABLE WENDELL GRIFFEN, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## N. MARK KLAPPENBACH, Judge

In this appeal, appellant raises several challenges stemming from the circuit court's order granting summary judgment in favor of appellees.[1] However, we cannot reach the merits of this appeal because we are without a final, appealable order. Therefore, we must dismiss the appeal without prejudice.

A complete recitation of the facts giving rise to this appeal is not necessary here but may be found in *Belk I*. In *Belk I*, our court dismissed appellant's appeal for lack of a final order because appellees had merely dismissed without prejudice their compulsory counterclaim for slander of title. The voluntary dismissal without prejudice of a compulsory counterclaim does not operate to make the court's order final and appealable under Arkansas Rule of Civil Procedure 54(b). *Belk I* (citing *Crockett v. C.A.G. Invs., Inc.*, 2010 Ark. 90,

---

[1]The case returns to our court after a previous dismissal without prejudice. *See Belk v. Belk*, 2015 Ark. App. 682, 476 S.W.3d 861 (*Belk I*).

361 S.W.3d 262, and *Bevans v. Deutsche Bank Nat'l Trust Co.*, 373 Ark. 105, 281 S.W.3d 740 (2008)).

After our court dismissed *Belk I*, the case returned to the Perry County Circuit Court. Appellant filed an unopposed motion for a Rule 54(b) certificate, and a stand-alone Rule 54(b) certificate was filed of record on March 17, 2016. Appellant filed a notice of appeal from the Rule 54(b) certificate.

A proper Rule 54(b) certificate grants finality to a judgment that is otherwise not final for appellate purposes. Arkansas Rule of Civil Procedure 54(b)(1) requires that a proper certificate "*shall* appear immediately after the court's signature on the judgment." Ark. R. Civ. P. 54(b)(1) (emphasis added). The word "shall" when used in our Rules of Civil Procedure is construed to mean that compliance is mandatory. *Watkins v. City of Paragould*, 2013 Ark. App. 539. "The plain language of the rule therefore requires that the certificate be located on the judgment, after the court's signature." *Id*. at 3.

Here, the Rule 54(b) certificate does not comply with our rules. "It was not attached to the court's order; nor did it reiterate the findings and conclusions of law from the order, or incorporate or replicate the order in any way." *Id*. at 2. Accordingly, the Rule 54(b) certificate is insufficient to vest jurisdiction with this court, and we must dismiss this appeal due to lack of a final order.

Dismissed without prejudice.

WHITEAKER and BROWN, JJ., agree.

*Rose Law Firm, a Professional Association*, by: *Byron J. Walker* and *Victoria H. Jones*, for appellant.

*Joseph Hamilton Kemp, PLLC*, by: *Joseph Hamilton Kemp*, for appellees.