Cite as 2017 Ark. App. 360

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-16-623

| | |
|---|---|
| EMMETT ELMORE AND JENNIFER HARRIS<br><br>APPELLANTS<br><br>V.<br><br>GEMINI CAPITAL GROUP, LLC<br>APPELLEE | Opinion Delivered May 31, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION [NO. 60CV-15-4194]<br><br>HONORABLE WENDELL GRIFFEN, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## PHILLIP T. WHITEAKER, Judge

Emmett Elmore and Jennifer Harris appeal a Pulaski County Circuit Court order setting aside their motion to transfer their case from district court and dismissing their class-action claim against Gemini Capital Group, LLC. Because the order appealed from does not contain a proper Rule 54(b) certification, we do not have jurisdiction and must dismiss without prejudice for lack of a final, appealable order.

Gemini Capital Group, LLC (Gemini) is an out-of-state buyer of debt. Gemini purchased an unpaid car loan from Elmore's and Harris's lender and filed a complaint in the Pulaski County District Court to collect. In May 2015, Elmore and Harris answered and filed a class-action counterclaim alleging causes of action for unjust enrichment, violation of the Arkansas Deceptive Trade Practices Act, and violations of the Arkansas and Federal Fair Debt Collection Practices Acts. Elmore and Harris alleged that Gemini purchased debt of which collections were barred by the statutes of limitation and then filed phantom payment reports

to make it appear as though the claims were still actionable. Because the remedy sought was in excess of district court jurisdiction, Elmore and Harris sought to have the case transferred to circuit court.

Gemini responded to the motion to transfer, arguing that the counterclaims were permissive rather than compulsory, and therefore, the district court was required under District Court Rule 7(d) to "disregard" the claim rather than transfer it. A hearing on the motion to transfer was set. Prior to the hearing, Gemini voluntarily dismissed its complaint against Elmore and Harris. On August 27, 2015, the district court transferred the remaining counterclaim to circuit court pursuant to Arkansas District Court Rule 7(c).

Over four months later, Gemini moved in circuit court to set aside the transfer from district court. Again, Gemini argued that the counterclaims were permissive rather than compulsory, and therefore, under Rule 7(d) the district court erred in transferring the claim. Alternatively, Gemini argued that, because the district court could not exercise jurisdiction over the counterclaims and because Gemini had dismissed its cause of action, the case should be dismissed. Elmore and Harris opposed the motion to set aside and/or dismiss, arguing that the circuit court could not set aside the motion to transfer because the 90-day time limit under Rule 60(a) had expired and that the transfer order was proper because the counterclaims were compulsory, rather than permissive. The circuit court found the counterclaims to be permissive, set aside the transfer order, and granted Gemini's motion to dismiss. Elmore and Harris filed a timely notice of appeal. Almost three months later, the

circuit court entered an amended order containing a purported Rule 54(b) certification to which a timely notice of appeal was also filed.

Before we can reach the merits of the arguments on appeal, we must first address a jurisdictional issue. While neither party has raised the issue, the question of whether an order is final for appeal purposes is a jurisdictional point that we must often raise on our own. *See Jacobs v. Collison*, 2016 Ark. App. 547, 505 S.W.3d 254. Our rules state that an appeal may be taken from a final judgment or decree. Ark. R. App. P.–Civ. 2(a)(1) (2016). Our supreme court has held that "for an order to be final and appealable, it must terminate the action, end the litigation, and conclude the rights to the matter in controversy." *Beverly Enters.-Ark., Inc. v. Hillier*, 341 Ark. 1, at 3, 14 S.W.3d 487, 488 (2000). Here, Gemini took a voluntary nonsuit of its claims against Elmore and Harris. We have previously held that a circuit court's order granting a nonsuit and dismissing claims without prejudice is not a final order or an adjudication on the merits because the merits of the cause are not finally determined. *Id.*; *see also Brookewood, Ltd. P'ship v. DeQueen Physical Therapy & Occupational Therapy, Inc.*, 2017 Ark. App. 84. As a result, the order being appealed is not a final, appealable order.

However, our rules do allow some nonfinal orders to be immediately appealable if the circuit court makes an express determination, supported by factual findings, that there is no just reason for delay and if the court has executed a proper Rule 54(b) certificate. Ark. R. App. P.– Civ. 2(a)(11). Our supreme court has held that the execution of a proper Rule 54(b) certificate is very precise: it must include specific findings of any danger of hardship or injustice that could be alleviated by an immediate appeal and set out the factual underpinnings

that establish such hardship or injustice, *Holbrook v. Healthport, Inc.*, 2013 Ark. 87, and when a certificate is void of specific factual findings as to the existence of danger of hardship or injustice that could be alleviated by an immediate appeal, the appellate court dismisses the appeal for lack of appellate jurisdiction. *Robinson v. Villines*, 2012 Ark. 211. In fact, our supreme court has held that the discretionary power of the circuit court to direct finality is to be exercised infrequently and only in harsh cases. *Id.*

Here, the circuit court's order contained the following purported Rule 54(b) certification:

> Upon the basis of the foregoing factual findings, the court hereby certifies, in accordance with Rule 54(b)(1), Ark. R. Civ. P., that it has determined that there is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the judgment shall be a final judgment for all purposes.

This certification tracks the language of Rule 54(b), but it does not contain any factual findings explaining why hardship or injustice would result if an immediate appeal is not permitted. Without specific findings to support this conclusion, the order does not satisfy the requirements of Rule 54(b). *See Gray v. White River Health Sys., Inc.*, 2016 Ark. 73, 483 S.W.3d 293; *Kyle v. Gray, Ritter & Graham, P.C.*, 2012 Ark. 268. Therefore, we dismiss the appeal without prejudice.

Dismissed without prejudice.

VIRDEN and MURPHY, JJ., agree.

*Steel, Wright & Collier, PLLC*, by: *Scott Poynter*, for appellants.

*Spencer Fane LLP*, by: *Jason C. Smith*, for appellee.