WAYMOND M. BROWN, Judge
Appellant appeals from the circuit court's August 25, 2017 order. On appeal, appellant argues that (1) appellees were not entitled to recover attorney's fees and costs under Arkansas Code Annotated section 16-22-308[1] because (a) appellees were not sued for and did not counterclaim for a breach of contract and (b) appellees were not the prevailing parties to this action; and (2) Rule 11 sanctions were not appropriate in the matter because (a) the procedure to issue Rule 11 sanctions was not followed and (b) sanctions under Rule 11 were not justified based on the evidence provided in appellant's foreclosure action. We dismiss for lack of a final order.
Ronald T. Greenwood received title to 5212 Greenwood Road, Bauxite, AR 72011 ("subject property"),[2] by warranty deed *876 recorded July 12, 2002. He had previously married Linda Greenwood, but he was named as the sole grantee. Ronald died on November 30, 2005. Linda executed a separate mortgage on the subject property with appellant on July 23, 2007.
Appellant filed a complaint for foreclosure against appellees on September 26, 2016, seeking to foreclose the mortgage to the subject property. The complaint stated that Linda Greenwood had filed for protection from creditors pursuant to Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Arkansas, and that court had declared that the subject property was no longer a part of the bankruptcy estate and granted appellant relief to pursue its remedies in circuit court. Appellant sought only an in rem judgment against the subject property for $17,343.44 in addition to interest, other costs, fees, and expenses.
Jock Adam Greenwood was dismissed from the matter in the circuit court's consent decree entered on November 8, 2016, in which Jock Adam disclaimed any claim, right, title, or interest in the subject property. Joseph N. Carter filed a pro se answer in opposition to the complaint on November 21, 2016, requesting protection of his claim, right, title, or interest in the subject property. No other defendant answered the complaint.
Rodney Greenwood and Jock Adam (the Greenwoods) filed an answer and motion to dismiss on January 4, 2017, in which they asserted that they were the only children and heirs at law of Ronald T. Greenwood, deceased; and therefore, they were the sole owners of the subject property.[3] The Greenwoods asserted that appellant's complaint was "a slander of title of the Greenwood heirs, and clouds or adversely affects their title pursuant to Arkansas Code Annotation § 5-37-226." They also stated that Linda no longer lived at the residence located on the subject property, and so they argued that she had abandoned and waived her statutory rights pursuant to Arkansas law, including allowances and any rights of dower and homestead. Accordingly, the Greenwoods argued that since appellant had acquired no interest in the subject property from either of the Greenwoods-"the true owners"-appellant's complaint should be dismissed and the mortgage declared a nullity.
Also on January 4, 2017, the Greenwoods filed a cross-claim against Linda as well as a counterclaim against appellant for slander of title, seeking damages in each. Appellant responded on January 23, 2017, denying every material factual allegation of the Greenwoods' motion for dismissal. Furthermore, appellant stated that the Greenwoods failed to comply with the requirements of Rule 12 and failed to state facts upon which relief could be granted.
On February 23, 2017, appellant filed responses to requests for admissions from the Greenwoods and admitted therein that neither of the Greenwoods had ever mortgaged or encumbered their interest in the subject property. Appellant filed a motion for voluntary nonsuit on May 22, 2017. In supplemental responses filed on May 23, 2017, appellant admitted that the subject property was currently abandoned and that Linda Greenwood "appear[ed] to have no current interest of record, and that she had made no claim to have any interest in this case."
*877 The Greenwoods filed a motion for attorney's fees and costs on June 12, 2017, asserting that after "substantial discovery"-including filings and motions to compel against appellant-and less than five days before the trial scheduled for June 5, 2017, appellant "moved to dismiss its breach of contract/foreclosure Complaint against all [appellees], apparently finally realizing that it holds an invalid mortgage." Claiming to be the prevailing party, the Greenwoods sought $5,765 in attorney's fees and costs. The Greenwoods' counsel also filed a one-sentence brief in support of their motion for attorney's fees and cost on the same date, stating "Arkansas law provides that attorney's fees shall be awarded in cases involving breach of contract."[4] Appellant responded on June 19, 2017, denying that the Greenwoods were entitled to attorney's fees pursuant to Arkansas Code Annotated section 16-22-308 or any other theory. It specifically argued that the Greenwoods were not parties to the contract-which they "did not even know about"-and only parties to the contract can prevail in receiving attorney's fees based on a breach-of-contract cause of action.
Following a short hearing on August 25, 2017, the circuit court entered an order dismissing appellant's foreclosure complaint with prejudice, dismissing the Greenwoods' slander-of-title counterclaim without prejudice, and awarding the Greenwoods $5,940 in attorney's fees in addition to $125 in costs, pursuant to Arkansas Code Annotated section 16-22-308 and Rule 11 of the Arkansas Rules of Professional Conduct "due to the attorney's signings of pleadings which had no evidentiary basis."
On September 5, 2017, appellant moved to set the judgment aside pursuant to Rule 50 and moved that the judgment be modified or vacated pursuant to Rule 60 of the Arkansas Rules of Civil Procedure. It first noted that the August 25, 2017 order purported to provide relief to Jock Adam whose rights had been disclaimed and who had been dismissed as a party in the November 8, 2016 consent decree. It asserted that (1) the circuit court could not dismiss its complaint with prejudice because it had nonsuited its complaint on May 22, 2017, before the case was submitted, according to its absolute right to do so; and (2) the Greenwoods' counterclaim should have been dismissed with prejudice because the Greenwoods made no motion to dismiss the counterclaim before the case was submitted and no evidence was presented on the counterclaim. Finally, it argued that there was "absolutely no basis for imposing Rule 11 sanctions" because the Greenwoods never sought sanctions and no one challenged the validity of the loan to Linda, only whether that loan created a valid security interest in the property. The Greenwoods responded on September 12, 2017, denying all material allegations in appellant's motion. The circuit court did not address the motion, and so it was deemed denied on October 5, 2017. Appellant filed this timely appeal of the August 25, 2017 order.[5]
Although neither party raises the issue of finality, the court must necessarily address it because it affects our jurisdiction over the appeal.[6] A compulsory counterclaim *878 is "any claim which, at the time of filing the pleading, the pleader has against any opposing party, if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."[7] An action for slander of title is "based on malicious publication of a false matter that disparages the title to property."[8] The slander-of-title claim arises out of the same transaction or occurrence as appellant's original lawsuit; thus, it is a compulsory counterclaim.[9] Because the dismissal of this compulsory counterclaim was without prejudice, the order appealed from is not final. Accordingly, this court is without jurisdiction to address the merits of this appeal.
We note that the circuit court failed to dispose of the Greenwoods' cross-claim against Linda. The presence of an unresolved cross-claim deprives the appellate court of jurisdiction to hear the appeal, even when the cross-claim appears to have been implicitly resolved by the outcome of the trial.[10]
Finally, we note that neither the unknown heirs of Ronald T. Greenwood; Linda Greenwood; Joseph N. Carter; nor the tenants of 5212 Greenwood Road, Bauxite, Arkansas (If Any), were dismissed as parties. We note specifically that Carter sought protection of his interest in the subject property in his pro se response to the complaint. An appeal may be taken from a "final judgment or decree entered by the circuit court."[11] A final order is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy.[12] Absent a certificate from the circuit court directing that the judgment is final, "any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties."[13] Accordingly, the order appealed from is also not final because it does not address appellant's claims against the above-referenced parties nor dismiss them, and it does not address Carter's claimed interest in the property.
Dismissed.
Glover and Vaught, JJ., agree.

(Repl. 1999).

This court notes that the initial filings of the parties, as well as the warranty deed and mortgage, show the subject property's correct address as 5212 Greenwood Road, Bauxite, AR 72011. However, by the end of the case, the case caption erroneously refers to the address of the subject property as "512 Greenwood Road."

Though one "Rodney Clark" is named as a defendant below and therefore also is an appellee before this court, the Greenwoods' answer and motion to dismiss states that Rodney Greenwood is "apparently referred to as Rodney Clark in [appellant's] complaint." No other explanation or further discussion of "Rodney Clark" appears in the record.

Neither the motion nor the brief referenced any legal authority for their claim of entitlement to attorney's fees and costs.

The notice of appeal does not include the deemed denial of appellant's motion to set the judgment aside and its motion to have the judgment modified or vacated.

Belk v. Belk , 2015 Ark. App. 682, at 3, 476 S.W.3d 861, 863 (citing Crockett v. C.A.G. Investments, Inc. , 2010 Ark. 90, 361 S.W.3d 262 ).

Id. , 2015 Ark. App. 682, at 3-4, 476 S.W.3d at 863 (citing Ark. R. Civ. P. 13(a) ).

Id. , 2015 Ark. App. 682, at 4, 476 S.W.3d at 863 (citing Fleming v. Cox Law Firm , 363 Ark. 17, 210 S.W.3d 866 (2005) ).

Id. (citing Crockett, supra ).

SEECO, Inc. v. Holden , 2014 Ark. App. 227, at 3, 2014 WL 1396673 (citing Bulsara v. Watkins , 2010 Ark. 453, 2010 WL 4680270 ; Ellis v. Agriliance, LLC , 2012 Ark. App. 549, 2012 WL 4668317 ; Lamco Ltd. P'ship II v. Pasta Concepts, Inc. , 2012 Ark. App. 145, 2012 WL 474762 ).

Roberts v. Riege , 2017 Ark. App. 408, at 1-2, 526 S.W.3d 60, 61 (citing Ark. R. App. P.-Civ. 2(a)(1), (2) ).

Johnson v. Windstream Commc'ns, Inc. , 2016 Ark. App. 419, at 2, 2016 WL 5122562 (citing Rigsby v. Rigsby , 340 Ark. 544, 546, 11 S.W.3d 551, 552 (2000) ).

Bevans v. Deutsche Bank Nat'l. Tr. Co. , 373 Ark. 105, 106, 281 S.W.3d 740, 741 (2008) (citing Ark. R. Civ. P. 54(b)(2) (2007) ).