Cite as 2023 Ark. App. 308

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-22-168

|  |  |
|---|---|
| | Opinion Delivered May 24, 2023 |
| PORTFOLIO RECOVERY ASSOCIATES, LLC | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION |
| APPELLANT | [NO. 60CV-20-2040] |
| V. | |
| | HONORABLE MACKIE M. PIERCE, JUDGE |
| PAMELA R. BARNES | |
| APPELLEE | DISMISSED WITHOUT PREJUDICE |

## WENDY SCHOLTENS WOOD, Judge

Portfolio Recovery Associates, LLC (PRA), appeals the Pulaski County Circuit Court's order granting summary judgment to Pamela Barnes on October 29, 2021. We dismiss the appeal without prejudice for lack of a final order.

PRA filed a complaint against Barnes on March 13, 2020, seeking to recover $2,504.05 due on a credit account. PRA alleged that Barnes had incurred the debt using her credit account with Comenity Bank and that PRA had purchased the bank's rights to collect the debt. Although PRA did not attach the credit agreement between Barnes and Comenity Bank as an exhibit to its complaint, it did attach evidence of its purchase of the account, including an affidavit of account pursuant to Arkansas Code Annotation section 16-45-104 (Supp. 2021). On March 25, Barnes filed an answer denying liability and a counterclaim

alleging causes of action for violations of state and federal laws governing fair-debt-collection practices. PRA filed a motion to strike the counterclaim on April 27 and an answer to the counterclaim on November 22, 2021.

In the interim, Barnes moved for summary judgment on July 20, 2020, asserting that PRA's complaint was deficient because it did not include a copy of the credit agreement that Barnes and Comenity Bank entered into when the account was established. Barnes relied on Rule 10(d) of the Arkansas Rules of Civil Procedure, which requires that a copy of any written instrument or document upon which a claim is based be attached to the complaint unless good cause for its omission is shown. Ark. R. Civ. P. 10(d) (2022). Citing *LVNV Funding, LLC v. Nardi*, 2012 Ark. 460, Barnes asserted that PRA's failure to attach a copy of the original credit agreement on which its lawsuit was based violated Rule 10(d)'s mandate and warranted summary judgment. PRA responded on August 17, asserting that it was proceeding on an account-stated theory of liability and had complied with Rule 10(d) by attaching the affidavit of account pursuant to section 16-45-104, two bills of sale showing it had acquired the rights to collect on the debt, and a monthly statement on the account addressed to Barnes in 2018.

On October 26, the circuit court heard arguments on Barnes's motion for summary judgment and PRA's motion to strike Barnes's counterclaim. Three days later, the circuit court denied PRA's motion to strike Barnes's counterclaim and granted summary judgment in favor of Barnes, dismissing PRA's complaint. This appeal followed.

Although neither party raises the issue, the circuit court's order presents a jurisdictional question that this court considers sua sponte. *Hankook Tire Co., Ltd. v. Philpot*, 2016 Ark. App. 386, at 6, 499 S.W.3d 250, 253. An appeal may be taken from a final judgment or decree entered by the circuit court. Ark. R. App. P.–Civ. 2(a)(1) (2022). For an order to be final and appealable it must terminate the action, end the litigation, and conclude the parties' rights to the matter in controversy. *Beverly Enters.-Ark., Inc. v. Hillier*, 341 Ark. 1, 3, 14 S.W.3d 487, 488 (2000). Under Arkansas Rule of Civil Procedure 54(b), an order that adjudicates fewer than all claims, including counterclaims, is not final for purposes of appeal. *Lamont v. Healthcare Cap., Inc.*, 2013 Ark. App. 283, at 2.

In the case at bar, Barnes filed a counterclaim, and the circuit court denied PRA's motion to strike the counterclaim on the same day it granted summary judgment and dismissed PRA's complaint. A review of the record reveals that the counterclaim is still pending. Our supreme court has held a summary-judgment order that does not adjudicate all claims, including a counterclaim, is not a final, appealable order. *S. Farm Bureau Cas. Ins. Co. v. Easter*, 369 Ark. 101, 104, 251 S.W.3d 251, 253 (2007).

Some nonfinal orders can be made immediately appealable if the circuit court (1) makes an express determination, supported by factual findings, that there is no just reason for delay and (2) executes a proper Rule 54(b) certificate. Ark. R. App. P.–Civ. 2(a)(11) (2022). Execution of a Rule 54(b) certificate must be precise, however. *Elmore v. Gemini Cap. Grp., LLC*, 2017 Ark. App. 360, at 3, 523 S.W.3d 393, 395. The certificate must include specific findings of any danger of hardship or injustice that could be alleviated by an

immediate appeal and set out the factual underpinnings that establish such hardship or injustice. *Id.* at 4, 523 S.W.3d at 395. When a certificate is void of specific factual findings about the existence of danger of hardship or injustice that will be alleviated by an immediate appeal, the appellate court will dismiss the appeal for lack of jurisdiction. *Id.* at 4, 523 S.W.3d at 395.

Here, the circuit court's summary-judgment order included the following:

> Upon the basis of the foregoing factual findings, the court hereby certifies, in accordance with Rule 54(b)(1), Ark. R. Civ. P., that it has determined that there is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the judgment shall be a final judgment for all purposes.

This certification tracks the language of Rule 54(b), but it does not contain any factual findings explaining the hardship or injustice that warrants the early entry of a final judgment. An order that merely tracks the language in Rule 54(b) and does not include facts to support the circuit court's conclusion that an immediate appeal is necessary does not satisfy the rule's requirements. *JEA Ltd. P'ship v. Reynolds*, 2013 Ark. App. 468, at 5; *S. Farm Bureau Cas. Ins. Co. v. Williams*, 2011 Ark. App. 232, at 2. For this reason, the order is not final, and we dismiss the appeal without prejudice.

Dismissed without prejudice.

BARRETT and THYER, JJ., agree.

*Lloyd & McDaniel, PLC*, by: *Joshua A. De Renzo* and *Erin M. Sudduth*, for appellant.

*Carney Bates & Pulliam, PLLC*, by: *Randall Keith Pulliam*, for appellee.

4