Cite as 2024 Ark. App. 467

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CV-22-435

| | |
|---|---|
| RURAL REVIVAL LIVING TRUST AND LAURA LYNN HAMMETT<br><br>APPELLANTS<br><br>V.<br><br>MICHAEL PIETRCZAK<br><br>APPELLEE | **Opinion Delivered** October 2, 2024<br><br>APPEAL FROM THE SEARCY COUNTY CIRCUIT COURT [NO. 65CV-21-20]<br><br>HONORABLE SUSAN WEAVER, JUDGE<br><br>DISMISSED |

## RITA W. GRUBER, Judge

This case arises from a property dispute. Laura Lynn Hammett, individually, is an appellant in this court and was a defendant and counterplaintiff in the circuit court. Rural Revival Living Trust is an appellant in this court and was a defendant in the circuit court, with Laura acting as the trustee. Michael Pietrczak is the appellee in this court and was the plaintiff and counterdefendant in the circuit court. Laura, individually, contends that the circuit court erred by (1) denying Laura's motion for order of recusal; (2) relying on transcripts that were not substantially verbatim, which denied Laura due process; (3) failing to follow the common-defense doctrine, resulting in adverse orders against a dismissed defendant; (4) denying Laura a continuance before the August 4, 2021 trial; (5) granting appellee a continuance; (6) granting appellee's motion to declare the contract void "Ab Initio"; (7) amending Laura's name sua sponte; (8) denying Laura's default motion; (9)

dismissing Laura's counterclaim sua sponte on August 20, 2021; and (10) granting an oral motion for extension of time to serve the summons before a summons was issued and one day after the motion was filed in writing.

The trust raises three points on appeal: (1) the court erred by forbidding the trustee to represent herself; (2) the court erred by failing to dismiss the trustee pursuant to the common-defense doctrine; and (3) the court erred by granting default judgment against the trustee. No responsive briefs were filed on Michael's behalf.

We do not reach the merits of this case because the appeal is not from a final, appealable order as required by Arkansas Rule of Appellate Procedure–Civ. 2(a) (2002) and Arkansas Rule of Civil Procedure 54(b) (2002). We therefore dismiss.

I. *Background*

Because we must dismiss this case for lack of appellate jurisdiction, only a brief recitation of the case's background is necessary. On April 23, 2021, Walter Pietrczak, through the power of attorney granted him on behalf of Michael in 2016, filed a complaint against the trust and Laura for breach of contract, slander of title, removal of cloud on title, ejectment/trespass, forcible entry/detainer, declaratory judgment, and injunctive relief. On June 10, 2021, Laura filed an answer and counterclaim for breach of contract and deceit. The circuit court dismissed Laura's counterclaim with prejudice on August 20, 2021.

On January 14, 2022, Michael filed a motion for default judgment against the trust, alleging that it had not timely answered the complaint. On March 2, 2022, the circuit court granted Michael's motion for default judgment against the trust and set a damages hearing.

On March 22, 2022, Michael moved to voluntarily nonsuit and dismiss Laura, individually, with prejudice. His motion was granted on March 28.

On April 7, 2022, the circuit court entered an order granting default damages against the trust. The order reflects that the matter came before the court on March 17 and that while Laura was present in her individual pro se capacity, no attorney appeared on behalf of the trust; thus, the trust was not present. The order rendered judgment in favor of Michael, removed all clouds on the at-issue property's title, granted Michael recovery of the property as well as any costs incurred by him for the "necessitation of this action," and declared Michael the true and rightful owner of the property. The order reflected that at "the conclusion of this matter [Michael] may petition and be awarded his costs pursuant to Ark. Code Ann. § 16-68-401 including the treble damages provisions of Ark. Code Ann. § 16-60-102." The order further reflected that Michael

> may be awarded actual monetary damages, upon a proper motion and hearing, against the Rural Revival Living Trust for the costs of replacing and repairing the property to its former condition, when [Michael] last possessed it, once he has been allowed to inventory, appr[a]ise the damages, and file a verified damages report with this Court.

This appeal followed.

## II. *Discussion*

Whether an order is final for appeal purposes is a jurisdictional point that we must raise. *Jacobs v. Collison*, 2016 Ark. App. 547, at 2, 505 S.W.3d 254, 255. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil states that an appeal may—absent some exceptions that do not apply—be taken from a final judgment or decree. *Id.* A final order is

3

one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *Id.* To be final and appealable, the order "must put the judge's directive into execution, ending the litigation, or a separable branch of it." *City of Corning v. Cochran*, 350 Ark. 12, 15, 84 S.W.3d 439, 441 (2002) (quoting *Payne v. State*, 333 Ark. 154, 158, 968 S.W.2d 59, 61 (1998)).

Here, we do not have jurisdiction because we do not have a final appealable order. The order granting default damages against the trust contemplated an award of monetary damages once Michael has been allowed to "inventory, appr[a]ise the damages, and file a verified damages report with the court." "[A]n order which establishes a plaintiff's right to recover, but leaves for future determination the exact amount of damages, is not final." *Keith v. Barrow-Hicks Extensions of Water Imp. Dist. No. 85 of Pulaski Cnty.*, 275 Ark. 28, 31, 626 S.W.2d 951, 953 (1982). Accordingly, we dismiss.

Dismissed.

HARRISON, C.J., and THYER, J., agree.

*Laura Lynn Hammett*, pro se appellant.

*Laura Lynn Hammett*, trustee, on behalf of Rural Revival Living Trust.